This is a divorce case. The husband appeals from the trial court's award of alimony and attorney fees to the wife. We affirm.
The parties were married for approximately two months before separation. No children were born of the marriage.
The husband's first contention is that the trial court committed reversible error in awarding attorney fees to the wife without a request and absent evidence of financial need and performance of service. The husband relies on Cinader v.Cinader, *Page 615 
Ala.Civ.App., 367 So.2d 487 (1979), to support this proposition. We think this reliance is misplaced. In Cinader we said that:
 [A] request must be made, and evidence of financial need and performance of the service shown before the authority of the court to grant such fees is properly invoked.
The issue in that case was whether the trial court committed error in failing to grant an attorney fee when there had been no request nor evidence of need or service. We held that the court was not in error in refusing to award a fee under such a state of fact. Such conclusion is not contrary to the letter and spirit of the Alabama Rules of Civil Procedure, especially Rule 15 (b). Rule 15 (b) eliminates the requirement of affirmative pleading if the issue has been tried in the case by express or implied consent of the parties. The record in this case shows evidence as to need of the wife and performance of service by her attorney without objection by the husband. The court was not in error in granting a fee without a pleaded request. We would further note that we have not required the wife to prove the reasonable value of her attorney's services in order for the award of a fee in a divorce action to be upheld. Godec v. Godec, Ala.Civ.App., 346 So.2d 459 (1977).
The husband's second contention is that the trial court committed reversible error in awarding the wife an attorney's fee based on an alleged agreement between the parties that the award of attorney fees would be left to the discretion of the court without testimony. Whether the trial court relied on such an agreement or not is immaterial in view of our position that a trial court may award attorney fees in its judicial discretion without proof of reasonableness in a divorce action.Hodson v. Hodson, 276 Ala. 227, 160 So.2d 637 (1964).
The husband's third contention is that the trial court erred in awarding the wife alimony in gross when no affirmative relief was requested in the wife's answer nor in any other responsive pleading. Rule 15 (b) and Rule 54 (c), ARCP, eliminate the necessity of strict pleading of issues tried expressly or with the implied consent of the parties. Bouler v.Bouler, Ala.Civ.App., 366 So.2d 290 (1979). There was extensive evidence in the case at bar of the financial conditions of the parties. We think it evident that this evidence was related to alimony and support. Therefore the wife's failure to specifically request alimony in gross does not preclude the trial court from making such an award where there is evidence supporting such an award.
The husband's final contention is that the trial court erred in granting alimony in gross to the wife when the parties were married only two months and no children were born of the marriage.
The question of alimony is a matter within the trial court's sound discretion and will not be reversed on appeal in the absence of abuse. Caylor v. Caylor, Ala.Civ.App.,344 So.2d 173 (1977). We do not consider the $5,000 award in the instant case as being an abuse of the court's discretion, despite the short duration of the marriage. The husband admitted taking a number of items belonging to the wife's children when he moved out of the parties' apartment. The wife also testified that the husband removed numerous items of furniture belonging to her. It could be that the trial court concluded that such an award was necessary to adjust the equities between the parties, or the court might have determined that such an award was warranted due to the loss of future support and inchoate rights. See Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974). Whether denominated alimony in gross or a division of property, the court was empowered to adjust all equities between the parties. Jernigan v. Jernigan, Ala.Civ.App., 344 So.2d 778
(1977); Caldwell v. Caldwell, 54 Ala. App. 479, 309 So.2d 833
(1975); § 30-2-53, Code of Alabama 1975. We do not find any error in the trial court's adjustment of these equities.
Appellee is awarded $350 for the services of her attorney on this appeal.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 616