This is a divorce case.
After twenty-seven years of marriage the parties to this proceeding were divorced by the Circuit Court of Mobile County on the ground of incompatibility.
The trial court, in its final decree, ordered that: (1) custody of the two minor children be awarded to the wife; (2) child support and alimony equal to $350.00 per month be paid to the wife by the husband; (3) title to the homeplace and all insurance proceeds thereon be given to the wife exclusively, subject to the outstanding mortgage which the wife was to pay; (4) title to certain unimproved acreage in Creola, Alabama be retained in the joint names of the parties; (5) household furniture, except the husband's personal belongings, located in the home be awarded to the wife; (6) a 1978 Oldsmobile Cutlass be awarded to the wife with the wife to be responsible for paying the debt secured by said vehicle; (7) a 1972 Oldsmobile be awarded to the husband; (8) the stock in the corporation be awarded to the husband; (9) the husband to pay the wife's attorney's fee of $750.00.
The husband sought a new trial on the ground that the final decree was not a complete order because the court failed to state which of the parties was to be responsible for the remainder of the marriage debts. This motion was denied and the husband appeals.
As stated by appellant in brief, the issue here is whether the final decree is void for uncertainty because the trial court failed to assign responsibility for the payment of the marriage debts not otherwise disposed of in said decree.
There appear in the record, other than the indebtednesses against certain real and personal property set out in the final decree, bills, both current and past due, for medical expenses, from retail businesses, and as a result of personal loans, all of which were incurred apparently during the marriage.
The husband argues that the trial court should have said who was responsible for paying these marriage debts and that the failure to do so voids the decree. We disagree. *Page 120 
Granted, the decree fails to assign responsibility for the remainder of the marriage debts but this failure does not in and of itself void the decree for uncertainty. The party liable for his or her debts during the marriage would still be liable for those debts after the dissolution of the marriage and if the parties were jointly liable for debts during the marriage they would still be jointly liable for them after the divorce. In other words the trial court left the parties in the same position relative to the debts after the divorce as they were in prior to the decree.
The failure of a court to assign responsibility for marriage debts in a case of this type does not void for uncertainty an otherwise proper decree. See Cox v. Cox, 260 Ala. 524,71 So.2d 275 (1954).
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.