This is a divorce case.
The trial judge divorced the parties and awarded the wife alimony in gross and an attorney's fee. The husband appeals and we affirm in part and reverse in part.
With the attendant presumptions afforded the trial court, the following pertinent facts are revealed:
The parties have been married and divorced on several occasions. They had been married almost three years when the trial court granted the divorce which is the subject of this appeal. The parties had no children of their own, but the wife has four children by a previous marriage, all of whom lived with the parties at one time.
At the time of trial the wife had been employed at Standard Furniture Manufacturing Company for about three years. Her average income from Standard Furniture was between $100 and $125 per week. She also received child support payments from her former husband. This amount varied from $290 to $360 per month. The wife's paychecks and child support checks were deposited into the parties' joint checking account. *Page 253 
The husband was employed as a pulpwooder. His annual income for the years 1979 and 1980 was about $40,000. Half of the husband's income was placed in a business account which went for the payment of payroll, taxes, and other expenses. The other half was put into the parties' personal joint checking account. Shortly before the parties separated, the husband received about $5,000 from a land sale transaction; this money also went into the parties' joint checking account.
The parties purchased a home in 1976 for $36,000. When the wife left in July of 1980, the house was mortgaged for approximately $38,000. The house completely burned down in September of 1980.
The wife testified that the husband's gambling habits caused the breakdown of the marriage. She further stated that the husband gambled every day. The money the husband made from gambling was kept at home or placed in a safety deposit box. When she left, the wife took $2,000 from the safety deposit box and opened a savings account in her name.
The husband raises three issues on appeal: (1) whether the trial court erred in awarding alimony in gross to the wife; (2) whether the trial court erred in failing to make a specific division of property; and (3) whether the trial court erred in awarding an attorney's fee to the wife.
We shall first address the issue regarding alimony in gross. The husband argues on appeal that the trial court erred in awarding alimony in gross to the wife on the ground that the wife did not request such relief and the parties did not consent to the trying of the issue.
It is clear that alimony in gross may be awarded despite the wife's failure to specifically request it if the issue was tried by the express or implied consent of the parties. Tidwellv. Tidwell, 379 So.2d 614 (Ala.Civ.App. 1980). Where the record reveals evidence which supports an award of alimony in gross, the trial judge is not precluded from making such an award even though it was not specifically requested. Tidwell, supra.
In the case before us there was a great deal of evidence introduced regarding the financial condition of the parties. For example, the record reveals that the parties lived in a well-furnished home. The husband testified that he was able to provide for the wife and that it was not necessary for her to work during the marriage.
Nevertheless, the wife did work and contributed paychecks totalling about five thousand dollars a year to the parties' joint checking account. At the time of trial, the wife was still working at Standard Furniture Company. She was living in an urban renewal apartment and was collecting food stamps.
The husband, on the other hand, was still employed as a pulpwooder at the time of trial. That occupation had brought him $40,000 of income in 1979 and in 1980. After the parties separated the husband was financially able to purchase 200-300 shares of stock which he retained at the time of trial.
The evidence noted above is clearly related to alimony and support and suggests not only that the wife is in need of support but also that the husband is able to pay it. Such evidence clearly supports an award of alimony in gross.
In addition, we note that the wife, in her petition for divorce, requested an equitable division of property, as well as such other relief to which she may be entitled. Such a request indicated that the parties were aware that the finances of the parties and/or the support of the wife were issues to be determined by the trial court.
The husband apparently also contends that even if the court did not err in granting alimony in gross, it did err in awarding $7,000. Stated differently, the husband contends the amount of the award is excessive. We disagree.
The question of alimony is a matter within the trial court's sound discretion and will not be reversed on appeal in the absence of abuse. Caylor v. Caylor, *Page 254 344 So.2d 173 (Ala.Civ.App. 1977). Some of the factors to be considered in determining alimony in gross are: the parties' future prospects; the parties' standard of living during their marriage and their potential for maintaining or exceeding that standard after their marriage; the source of their common property; and in appropriate situations, the conduct of the parties with reference to the cause of divorce. King v. King,367 So.2d 492 (Ala.Civ.App. 1979).
With those factors in mind, we do not consider an award of $7,000 as alimony in gross to be an abuse of discretion in this case. The parties before us had a nice, well-furnished, although heavily mortgaged home. The husband had an annual income of about $40,000 in the two years prior to the divorce. The husband's gambling apparently caused the breakdown of the marriage.
The wife contributed all of her paychecks and child support payments to the parties' joint checking account. Her take-home pay amounted to about $5,000 per year. At the time of trial, the wife was living in an urban renewal apartment and was receiving food stamps.
With the above facts in mind and with particular emphasis on the great difference in earning power between the parties, we find no abuse of discretion in the $7,000 award.
The next issue raised by the husband is whether the trial court erred in failing to make a specific division of property.
In the case on appeal, the parties' only major asset was their home, which completely burned down after the parties separated. If the husband contends, and we are not positive that he does so contend, that the trial court erred in failing to make a specific disposition of the house, we disagree. A trial court is not required to make a ruling on each and every aspect of the parties' financial condition. Miller v. Miller,391 So.2d 119 (Ala.Civ.App. 1980). The failure of the court to rule in the case on appeal simply leaves the parties in the same position relative to the house as they were in prior to the divorce. See, Miller, supra. In this instance, we note that there is evidence that during prior marital problems the wife deeded to the husband her interest in the house. By the above, we should not be understood as determining who in fact owns the house or their respective interests therein. If there are future "problems" regarding this aspect, a trial court must first determine these matters upon proper action brought before such court.
The only other assets of the parties consisted of two vehicles, furniture, the husband's stock, and certain bank accounts. We note that the trial court ordered the wife to make the payments on the car which she drives and that the husband kept the other vehicle. Again, the failure of the court to rule regarding the parties' other assets simply leaves them in the same position with regard to those assets as they were prior to the divorce. See, Miller, supra.
The last issue raised on appeal is whether the trial court erred in awarding an attorney's fee to the wife on the ground that the wife failed to request such an award and that the issue was not tried by the express or implied consent of the parties. We agree that since there was no request for an attorney's fee and the issue was not tried by the express or implied consent of the parties, the trial court therefore erred in awarding the wife an attorney's fee.
We note that we have upheld an award of an attorney's fee where no request for such an award was made. Tidwell v.Tidwell, supra. However, in Tidwell we found that the issue had been tried: "The record in this case shows evidence as to the need of the wife and performance of service by her attorney without objection by the husband." Tidwell, supra, at 615.
Although there is evidence in the record on appeal which would support a finding of need on the part of the wife, regrettably there is no evidence regarding the performance of service by the wife's attorney. More specifically, there is no evidence in the *Page 255 
record below regarding the time spent on the case, the difficulty of the case, or any other pertinent facts regarding the performance of service by the wife's attorney. Put another way, the opposing party is in no way put on notice that an attorney's fee is requested or desired. Since there is no such evidence, we cannot say that the issue was tried by consent of the parties.[1] Therefore, since there was no request for an attorney's fee and there is no evidence regarding the performance of service by the wife's attorney, the trial court erred in making an award of an attorney's fee and must be reversed and remanded on that ground.
This cause is due to be affirmed in part, reversed in part, and remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.
[1] We note that at trial the wife was ably represented by counsel.