The husband appeals from the trial court's refusal to order a reduction in alimony upon the husband's modification petition.
After having considered the applicable case law and the decree entered by the trial court, this court must reverse in part the judgment entered below and remand in part for further proceedings.
There is evidence that reveals the following: The parties, after having been married twenty-six years, were divorced by a decree of the Circuit Court of Morgan County on July 17, 1981. At the time of the divorce, the forty-nine-year-old husband was a partner in an established Decatur, Alabama accounting firm, with gross earnings for 1980 in excess of $78,000. The wife, on the other hand, had not worked outside the home since the early part of the marriage and had numerous medical problems. The decree divorcing the couple incorporated the parties' agreement as to the terms of alimony. Under that agreement, the husband was obligated to make monthly payments totaling $1,743 to or on behalf of the wife. That figure includes $1,000 of periodic alimony, $500 for a house payment and utilities, and various amounts for the wife's country club dues and for premiums due on hospitalization, major medical, and life insurance policies benefiting the wife.
Within two months after the divorce, the husband's relationship with the other partners in his accounting firm had deteriorated. Because of his marital difficulties and claims by the other partners that his productivity had decreased, the husband voluntarily left the partnership on September 1, 1981. He then went into solo practice as a public accountant, grossing only $3,000 for the last four months of 1981 and incurring substantial start-up and overhead expenses.
In the first ten months of 1982 (which preceded the modification hearing), the husband grossed $37,000 from his solo practice. Based on this figure, he projected that his 1982 gross earnings would reach only fifty percent of his gross earnings for 1980, his last full year in the partnership before the divorce. In addition to this marked drop in gross income, the husband substantially increased his debt obligations, as he borrowed in excess of $50,000 for payment of a partnership indebtedness upon its dissolution, business start-up and overhead costs, and personal living expenses. At the modification hearing the husband estimated that his net worth and estate had decreased from approximately *Page 1260 
$250,000 at the time of the divorce to approximately $87,000 a year later.
In seeking modification of the monthly alimony figure, the husband contended that his current financial status, in particular his lack of liquidity, rendered him unable to meet the $1,743 obligation. The husband did, however, concede that he is currently receiving $1,934 monthly in fixed income from sources outside his solo practice ($1,599 for his interest in the partnership and in partnership real estate and $335 military disability).
Based upon these facts, the trial court made the following order:
 "The Court finds from a consideration of all the evidence the following:
 "1. The petitioner Robert Bell's business income has changed in character and substance to a sufficient degree to afford certain modifications. The petitioner is still in a position to continue to make those payments originally agreed to, however, it appears that he does not have sufficient liquidity to continue to pay without some sacrifice to his economic position. It appears to the Court that the financial wellbeing of both parties could possibly be adversely affected.
 "The Court does not find sufficient evidence before the Court to warrant a forgiveness of the obligations which the petitioner voluntarily incurred at the time of divorce. The Court is of the opinion that the petitioner should be afforded an opportunity to defer certain of his obligations (at substantial interest) should he consider it expedient from a business standpoint.
 "2. The respondent is entitled to recover an attorney's fee for a portion of the services performed by her attorney of record.
"It is, therefore,
"CONSIDERED, ORDERED AND ADJUDGED that:
 "The petitioner, Robert Bell, shall continue to pay all amounts previously agreed to and ordered, or at his election, he may defer the monthly temporary alimony installments in the amount of $1,000.00 a month to the extent of reducing these installments to $750.00 a month, thereby deferring $250.00 of each $1,000 installment for a period of two (2) years. At the end of two (2) years he will once more pay at the rate of $1,000.00 a month.
 "All amounts of deferred alimony will accrue to the interest which Mary Frances Bell now owns in the jointly owned home. Interest at the rate of fifteen percent (15%) per annum shall accrue on all deferred payment. This interest will be compounded annually. All deferred amounts shall be secured by a lien against the principal dwelling house described in the original judgment which is yet to be sold in accordance with the terms of the original judgment. At the time of sale, all deferred payments (with interest) shall be paid from the proceeds of the dwelling house.
 "Robert Bell shall advise the Clerk within thirty (30) days if he proposes to exercise this option or continue to pay according to the original judgment."
The court also awarded the wife an attorney fee of $500.
On appeal of this judgment, the husband makes the following three arguments: (1) that the lower court erred when, after finding that the husband's financial position had changed substantially, it refused to order a reduction in the periodic alimony earlier ordered; (2) that the alternative payment structure set up by the court was in the nature of a non-modifiable judgment or alimony in gross; and (3) that the court had no authority for awarding the wife an attorney's fee. Countering the husband's arguments, the wife contends that there has been no abuse of discretion and that she is entitled to attorney fees for services rendered on the instant appeal.
The principles generally applicable to periodic alimony modification cases are as follows: The amount fixed as periodic alimony, like child support, is always subject to modification,Jernigan v. Jernigan, *Page 1261 335 So.2d 178 (Ala.Civ.App. 1976), upon showing of material changed circumstances of the parties, Cooper v. Cooper,401 So.2d 99 (Ala.Civ.App. 1981). A court will not continue to require a spouse to meet payments which are clearly excessive.Menton v. Menton, 405 So.2d 940 (Ala.Civ.App.), cert. denied,405 So.2d 942 (Ala. 1981). However, the burden of proving material change in circumstances sufficient to warrant modification is on the petitioner, Childress v. Childress,378 So.2d 1147 (Ala.Civ.App. 1979).
A modification based upon changed circumstances is largely within the discretion of the trial court, and the exercise of such discretion will not be upset on appeal absent such an abuse of discretion as to be plainly and palpably wrong.Childress v. Childress, 378 So.2d 1147 (Ala.Civ.App. 1979).
In reviewing the decree of the learned and distinguished trial judge, this court is faced with several inconsistencies. For example, while the court found that the husband's income "has changed in character and substance to a sufficient degree to afford certain modifications" and that the husband "does not have sufficient liquidity to continue to pay without some sacrifice to his economic position," it denied the requested reduction, saying that "petitioner is still in a position to continue to make those payments originally agreed to" as there was insufficient evidence "to warrant a forgiveness of the obligations" imposed by the original divorce decree.
In view of the above, this court is of the opinion the case should be remanded to the trial court with the direction that the trial court specifically determine whether a material change in circumstances has occurred and enter an appropriate order after such determination.
Without in any way implying that the trial court should determine that there has been a material change in circumstances, we should caution that if such a determination is in fact made, the petitioner's monetary obligations under the original divorce decree should be reduced, not merely deferred. The alternative payment plan devised by the lower court in the present case is remarkably similar to child support payments fashioned by the trial court in Forlini v.Forlini, [Ms. Nov. 9, 1983] (Ala.Civ.App. 1983), a case recently decided by this court. In Forlini the trial court found that the husband was unable to meet monthly child support payments previously set at $980, and reset the husband's current obligation at $500. However, instead of forgiving the remaining $480, the court provided that the $480 would continue to accrue monthly and that the husband might eventually satisfy such accrued obligation upon selling some of his property or obtaining a higher salary.
In reversing the trial court's failure to forgive the $480 excess, we said the following:
 "[W]e find neither evidence nor equity to support the ordered accrual of $480 per month. The trial court ordering a sum for child support is limited by the present ability of the parent to pay. It may not speculate upon a possible future ability to satisfy an accumulated judgment. Each such unpaid monthly amount becomes a final judgment upon which execution may be obtained at any time. Osborne v. Osborne, 326 So.2d 766 (Ala.Civ.App. 1976). We know of no authority for basing an order for child support upon any criteria other than present ability to pay. It was said in Murray v. Murray, 84 Ala. 363, 4 So. 239
(1887), `Maintenance not beyond the husband's means, is all the law can enforce.' It is to be remembered that modification may be had subsequent to an increased ability to pay. Boswell v. Boswell, [280 Ala. 53, 189 So.2d 854 (Ala. 1966)], citing Roubicek v. Roubicek, 246 Ala. 442, 451, 21 So.2d 244, 252
(1945)."
(Emphasis in original.)
Because of the availability of upward modification in periodic alimony cases should a spouse's income be restored to its previous level, we think the Forlini reasoning *Page 1262 
should be equally applicable to cases involving modification of periodic alimony.
In light of this application of Forlini, we need not address the husband's second contention, that the alternative payment plan set up by the court is impermissible because it is in the nature of a non-modifiable judgment or alimony in gross. However, we would note that in modifying periodic alimony the trial court does not have the option of altering a property division previously ordered; that is, increasing the wife's interest in the family residence, as a property division, being in the nature of alimony in gross, is not modifiable. See,e.g., Cherry v. Cherry, 422 So.2d 784 (Ala.Civ.App. 1982).
The final issue is that of attorney fees. The husband contends that the trial court erred in granting the wife the sum of $500 for attorney fees because she made no request for them and because the issue was not tried by the implied or express consent of the parties. The wife counters, alleging that the attorney fee request was made in an off-the-record meeting in the trial judge's chambers and furthermore, that the fees were allowable under § 30-2-54, Ala. Code (1975), because the husband was found to be in contempt.
Attorney fees are ordinarily available in modification proceedings, the rationale being that the modification proceeding is merely an extension of the original divorce action. See, e.g., Smith v. Smith, 365 So.2d 88 (Ala.Civ.App. 1978); Jernigan v. Jernigan, 335 So.2d 178 (Ala.Civ.App. 1976). However, before such fees can be awarded it must appear that a request for fees had been made or that the issue has been tried by the express or implied consent of the parties. See, e.g.,Kelly v. Kelly, 414 So.2d 126 (Ala.Civ.App. 1982); Lacy v.Lacy, 403 So.2d 251, 255 (Ala.Civ.App. 1981). Under the statute cited by the wife, attorney fees are also made available in actions for the recovery of past-due alimony payments, but only if a contempt of court citation has been made against the party in arrears. Smith v. Smith, 365 So.2d 88 (Ala.Civ.App. 1978). In Scott v. Scott, 375 So.2d 797 (Ala.Civ.App. 1979), the husband was behind in his alimony payments. The court allowed him to cure the deficiency, and thereafter the court specifically found that the husband was not in contempt. However, it awarded attorney fees in favor of the wife. On appeal, the trial court's award of attorney fees was reversed, this court saying that attorney fees are not available where no contempt citation is made.
After reviewing the record, this court is of the opinion that the contempt statute cannot be looked to as authority for the fees awarded. As the wife points out, at the August 4, 1981, hearing in this matter, the trial judge did express his intent to enter an order, later that day, finding the husband in contempt and giving the husband thirty days to purge the contempt before the modification issue was taken up. However, the order actually entered merely continued the cause, reserving judgment on the contempt issue for a later hearing. At the later hearing the court commented that the husband was not in contempt, and the order entered later that day did not contain a contempt citation. We believe these facts bring the case squarely within the Scott case cited above, and that the attorney fee award is not supportable on this ground.
Likewise, we find that attorney fees are not available as incidental to the modification proceeding since the record is devoid of any evidence as to a request and since there is no evidence showing that the issue was tried by the implied or express consent of the parties. Lacy v. Lacy, 403 So.2d 251
(Ala.Civ.App. 1981). We cannot rely upon a request for attorney fees allegedly made in an off-the-record conference, as on appeal we are bound by the evidence contained in the record.Birmingham S.R. v. McDonald, 339 So.2d 1004 (Ala. 1976); Hindsv. Hinds, 415 So.2d 1122 (Ala.Civ.App. 1982). Likewise, assertions in the briefs of parties cannot be relied upon to supplement the record. See e.g., Geer Brothers, Inc. v. Walker,416 So.2d 1045 (Ala.Civ.App. 1982). *Page 1263 
Accordingly, in view of the above, at this point we have no alternative but to find that the award of attorney fees is due to be reversed. The remainder of the trial court's judgment is remanded for further proceedings not inconsistent with this opinion. The husband has filed with this court a motion to strike the brief of appellee-wife. The motion is denied.
The wife has requested an attorney's fee for representation on appeal. In view of the nature of our remandment, the request is denied.
The case is due to be reversed in part and remanded in part.
REVERSED AND REMANDED.
All the Judges concur.