BRADLEY, Judge.
The appeal is from a modification of a divorce decree.
The parties to this proceeding were divorced by the Circuit Court of Blount County on July 27, 1982. On August 3, 1982 the husband filed a motion for reconsideration of that aspect of the divorce decree requiring husband to pay for one-half of the maintenance on the house, the possession of which was awarded to the wife, and one-half of the insurance on the house. This motion was denied by the trial court on August 23, 1982.
On October 29, 1982 the husband amended his motion for reconsideration of the divorce decree by asking the court to either divide the parties’ real property equitably between them or sell the property for division.
This amended motion for reconsideration was heard by the trial court on January 11, 1983 and a decree was rendered on July 26, 1983, wherein the' court modified the divorce decree to award the wife in fee simple a portion of the property on which the house was located and awarded the husband the remainder of the property in fee simple. The court further provided that the title to the remainder of the parties’ lands shall be retained by them as joint owners with right of survivorship. It was further ordered that the husband pay the ad valorem taxes on the part of the lands awarded to him by this modification. Wife was ordered to pay taxes on the property awarded to her. The husband was ordered to maintain all jointly-held property, but was relieved of the obligation to maintain the house, which was awarded to the wife in fee simple by this modification decree. Husband was also ordered to pay wife $700 as being one-half of the difference between the appraised value of the two parcels of land.
Wife argues here (husband did not favor this court with a brief), that the trial court had no jurisdiction to modify the divorce decree in the manner that it did because the motion for reconsideration filed October 29, 1982 was not ruled on within the time provided by rule 59.1, Alabama Rules of Civil Procedure.
Rule 59.1, A.R.Civ.P., provides, in part, as follows:
“No post-trial motion filed pursuant to Rules 50, 52 or 59 shall remain pending in the trial court for more than 90 days, unless with the express consent of all the parties, which consent shall appear of record .... A failure by the trial court to dispose of any pending post-trial motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.”
Wife says that the motion for reconsideration. that was filed on October 29, 1982 was not decided by the trial court until July 26, 1983 and, thus, was too late under rule 59.1, A.R.Civ.P.
*1254 It is true that the amendment to the motion for reconsideration was filed on October 29, 1982 and was not ruled on until July 26, 1988. The ruling, therefore, was made more than ninety days after the motion was filed and was too late under rule 59.1. The motion was thus deemed denied by operation of law long before the trial court ruled on it. Thompson v. Keith, 365 So.2d 971 (Ala.1978).
In addition, we note that the original motion for reconsideration was denied by the trial court on August 23,1982. Consequently, that motion could not be amended as husband apparently tried to do on October 29, 1982.
If the motion filed on October 29, 1982 could not be treated as an amendment to the motion filed on August 3, 1982, then it would have to be considered as a new motion for reconsideration of the divorce decree. So treated, the motion was late. It was filed more than thirty days after the divorce decree of July 27,1982. Motions to alter, amend, or vacate a judgment must be filed within thirty days of the entry of judgment. Rule 59(e), A.R.Civ.P.
Could the motion filed on October 29, 1982 have been considered by the trial court as a petition for modification of the divorce decree rather than a rule 59(e) motion?
There is language in the court’s decree that suggests that the court might have considered the. motion as a petition for modification. The court said in its decree that it was modifying the original divorce decree to make disposition of the parties’ real property contrary to what it had done in the divorce decree.
Wife says the trial court had lost jurisdiction to modify the property settlement encompassed in the divorce decree. We agree.
In the original decree the trial court awarded all of the parties’ real property to them as joint owners with right of surviv-orship, and authorized the wife to occupy the dwelling house and gave the husband the right to farm the remainder of their land. Each party was ordered to pay one-half of the taxes and insurance, and one-half of the maintenance on the property. The court also made disposition of the parties’ personal property.
In the modification decree the trial court changed completely the disposition of the parties’ real property made in the first decree. A divorce decree dividing the parties’ property between them is not subject to modification, except for clerical errors, after the lapse of thirty days from entry of the decree. Culverhouse v. Culverhouse, 389 So.2d 937 (Ala.Civ.App.1980). The petition to reconsider or modify was filed more than thirty days after the original decree. The trial court erred in modifying a non-modifiable property division decree.
For the reasons set out above, the trial court’s decree of July 26, 1983 is reversed and the cause is remanded for entry of a decree denying the amended motion for reconsideration filed on October 29, 1982.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.