HOLMES, Judge.
This case concerns the interpretation of a divorce decree.
The parties were divorced in 1983. In 1984, the wife filed a petition for rule nisi, alleging that the husband had failed to follow certain portions of the divorce decree relating to the parties’ former home. The husband filed a counterclaim, by which he sought the court's permission to convert the cash value of an existing life insurance policy owned by the wife to a $300,000 universal life policy.
The trial court ruled in favor of the husband on his counterclaim and ordered the wife to liquidate the insurance policy and surrender the proceeds to a trust, the beneficiaries of which are the parties’ children. From this order the wife appeals. We affirm.
The primary, if not the sole, issue before this court is whether the trial court exceeded its authority in ordering the wife to liquidate the insurance policy and surrender its proceeds to the children’s trust.
The wife, through able counsel, argues that the parties’ divorce decree included the insurance policy among the property awarded to her. She argues that the trial court, therefore, had no authority to subsequently modify the divorce decree by divesting her of her ownership of the policy.
In support of this argument, the wife relies upon the rule that, after a lapse of thirty days from the date of a final decree of divorce, a court cannot modify a division of the property of the parties. Boyd v. Boyd, 447 So.2d 790 (Ala.Civ.App.1984). While the rule announced in Boyd is correct as a general principle of law, we disagree with the wife’s contention that such rule is applicable in the present case.
The subject life insurance policy was apparently owned by the wife during the parties’ marriage, and she was also the beneficiary. The only provision in the parties’ divorce decree which addressed the insurance policy states as follows:
“11. The Plaintiff shall make the five children of the marriage [joint] irrevocable beneficiaries of the E.F. Hutton Life Insurance Policy number 33966-00 at such time as the mortgage on the *671 medical building is satisfied. The Respondent shall make the five children of the marriage, [joint] irrevocable beneficiaries of the Provident Mutual policy-number 2,005,536. The Respondent is further ordered to make each of the five children revocable joint beneficiaries of the Provident Mutual Policy number 2,229,347 and the United States Veterans Life Insurance policy. Respondent is directed to keep all such policies in full force and effect.”
Contrary to the wife’s assertions, this provision in the divorce decree did not grant ownership of the subject insurance policy to her. Rather, it appears that the trial court made no determination whatsoever in the divorce decree with regard to the ownership of the policy. It merely ordered the wife to designate the parties’ children as the beneficiaries of that policy.
It is a settled rale of law that, when a trial court fails to make a specific disposition of an asset of the parties in a divorce decree, the parties are left in the same position relative to that asset as they were prior to the divorce. Lacy v. Lacy, 403 So.2d 251 (Ala.Civ.App.1981); Miller v. Miller, 391 So.2d 119 (Ala.Civ.App.1980). A court, having failed to dispose of the property in the original decree, is free to do so upon subsequent request of one of the parties. Lacy, 403 So.2d at 254.
Because the trial court in the present case failed to award the insurance policy to either party in the original divorce decree, the parties’ relation to that policy continued as it had been during the marriage, i.e., the ■ wife continued to own the policy. The trial court was thus free to order the disposition of the policy upon application by the husband through his counterclaim.
We find no error by the trial court, or action in excess of its jurisdiction, by its ordering the wife to liquidate the insurance policy and surrender the proceeds to a trust for the parties’ children. We note, moreover, that the trial court’s order was perfectly consistent with its earlier requirement in the divorce decree that the children be designated as the beneficiaries of the policy.
This case is due to be and is affirmed.
AFFIRMED.
BRADLEY, J., concurs.
WRIGHT, P.J., dissents.