WRIGHT, Presiding Judge,
dissenting.
I must respectfully dissent from the majority’s decision.
In this case, the parties have agreed, in their respective briefs, that because she owned the life insurance policy prior to the divorce decree, the wife still owned the policy after the decree. As there is no issue as to the ownership of the policy in question, I fail to understand how the trial court had any authority to issue any order, subsequent to the original decree, concerning a disposition of the policy.
A divorce decree dividing the parties’ property between them is not subject to modification, except for clerical errors, after the lapse of thirty days from entry of the decree. Michael v. Michael, 454 So.2d 1035 (Ala.Civ.App.1984); Bromley v. Bromley, 449 So.2d 1252 (Ala.Civ.App.1984).
More than thirty days had passed before any subsequent action was taken to modify the decree as to a disposition of the insurance policy. As no argument has been made that the original decree as to the policy was modifiable, and since the trial court did not expressly retain jurisdiction over the policy, we must conclude that the trial court had lost jurisdiction to modify the original decree as to the policy. See Bromley, supra.
I must respectfully disagree with the majority reasoning that “[a] court, having failed to dispose of the property in the original decree, is free to do so upon subsequent request of one of the parties.”
I cannot find any case precedent to support the majority conclusion. In Lacy v. Lacy, 403 So.2d 251 (Ala.Civ.App.1981), we stated that:
*672 “[T]he failure of the court to rule [on each and every aspect of the parties’ financial condition] simply leaves the parties in the same position relative to the [property] as they were in prior to the divorce.... By the above, we should not be understood as determining who in fact owns the [property] or their respective interests therein. If there are future “problems” regarding this aspect, a trial court must first determine these matters upon proper action brought before such court.” (Emphasis added.)
Apparently, the majority has taken the above-emphasized language as support for its position that the trial court retains the jurisdiction to dispose of, in a subsequent decree, any property not specifically disposed of in the original decree. Such a reading, however, misconstrues the language and meaning of the statement.
With the above-emphasized language, this court was merely noting that, in the event questions arise, after the issuance of an original decree, concerning who is the owner of specific property, the question of ownership of such property may be determined by a proper action in court. This statement could not mean that such determination is to be made by opening the divorce case in which judgment has been final beyond thirty days. Of course, our courts are always open to entertain actions to determine ownership of property. Our courts may not re-open final judgments of divorce to determine ownership and disposition of property not previously before it.
A division of property is nonmodifiable after final judgment. Tinsley v. Tinsley, 431 So.2d 1304 (Ala.Civ.App.1983); Parr v. Parr, 423 So.2d 229 (Ala.Civ.App.1982). It may well be contended that the effect of the majority decision does just that.