We granted certiorari in this case to consider the question whether the trial court lacked jurisdiction after 30 days past the date of the original divorce decree to modify its decree respecting an insurance policy owned by the wife.
As part of the property division in this divorce case, the trial court, in its original decree, made the couple's five children the joint irrevocable beneficiaries of the couple's insurance policies, one of which was owned by the wife at the time the original divorce decree was entered, on that one, at the time of the entry of the decree, the wife was the named beneficiary.
After the entry of the final decree, the wife filed a petition in which she alleged that the husband had failed to follow certain portions of the divorce decree relating to the parties' former house. The husband filed a counterclaim in which he sought to take the cash value of the wife's insurance policy on his life and purchase a $300,000 universal life policy.[1] The trial court ruled in favor of the husband and the Court of Civil Appeals affirmed. Davis v. Davis, 495 So.2d 675
(Ala.Civ.App. 1985).
In the opinion of the Court of Civil Appeals, two points are agreed upon by both the majority and the dissenting judge. First, when a trial court does not make specific disposition of an asset in a divorce decree, the parties are left in the same position relative to that asset as they were in before the divorce. Lacy v. Lacy, 403 So.2d 251 (Ala.Civ.App. 1981);Miller v. Miller, 391 So.2d 119 (Ala.Civ.App. 1980). Second, that after 30 days a trial court generally has no jurisdiction to modify a property settlement in a divorce decree, except to correct clerical errors. Boyd v. Boyd, 447 So.2d 790
(Ala.Civ.App. 1984); Michael v. Michael, 454 So.2d 1035
(Ala.Civ.App. 1984); Bromley v. Bromley, 449 So.2d 1252
(Ala.Civ.App. 1984). *Page 674 
The majority on the Court of Civil Appeals held, however, that "[W]hile the rule announced in Boyd is correct as a general principle of law," the rule was not applicable in the present case."
The Court of Civil Appeals, in concluding that the original decree did not make disposition of the insurance policy, found as follows:
 "The subject life insurance policy was apparently owned by the wife during the parties' marriage, and she was also the beneficiary. The only provision in the parties' divorce decree which addressed the insurance policy states as follows:
 "`11. The Plaintiff shall make the five children of the marriage [joint] irrevocable beneficiaries of the E.F. Hutton Life Insurance Policy number 33966-00 at such time as the mortgage on the medical building is satisfied. The Respondent shall make the five children of the marriage, [joint] irrevocable beneficiaries of the Provident Mutual policy number 2,005,536. The Respondent is further ordered to make each of the five children revocable joint beneficiaries of the Provident Mutual Policy number 2,229,347 and the United States Veterans Life Insurance policy. Respondent is directed to keep all such policies in full force and effect.'
 "Contrary to the wife's assertions, this provision in the divorce decree did not grant ownership of the subject insurance policy to her. Rather, it appears that the trial court made no determination whatsoever in the divorce decree with regard to the ownership of the policy. It merely ordered the wife to designate the parties' children as the beneficiaries of that policy.
 "It is a settled rule of law that, when a trial court fails to make a specific disposition of an asset of the parties in a divorce decree, the parties are left in the same position relative to that asset as they were prior to the divorce. Lacy v. Lacy, 403 So.2d 251 (Ala.Civ.App. 1981); Miller v. Miller, 391 So.2d 119 (Ala.Civ.App. 1980). A court, having failed to dispose of the property in the original decree, is free to do so upon subsequent request of one of the parties. Lacy, 403 So.2d at 254."
We are of the opinion that the two learned judges who joined in the majority opinion misinterpreted the principle of law announced in Lacy, and, consequently, we believe the dissenting views expressed by Presiding Judge Wright correctly state the law regarding the jurisdictional issue. Consequently, we reverse the judgment. We note, however, that the Court of Civil Appeals' judgment included the following statement in the majority opinion:
 "We note, moreover, that the trial court's order was perfectly consistent with its earlier requirement in the divorce decree that the children be designated as the beneficiaries of the policy."
We cannot tell from this statement in the majority opinion whether the Court of Civil Appeals found, as a fact, that the original divorce decree relating to the wife's insurance policy was rendered to protect the best interest of the couple's children, who were the beneficiaries designated by the decree. The trial court's decree could be upheld under the principle of the law that when an original divorce decree deals with property owned by either of the parties to the divorce, and the decree is entered to protect the best interest of the couple's minor children, the trial court retains the power to modify the decree for the benefit of the children. Tucker v. Tucker,280 Ala. 608, 196 So. 724 (1967); Clark v. McGruff, 426 So.2d 453
(Ala.Civ.App. 1983).
In Tucker, this Court affirmed a decree of a trial court which had ordered the father to convey to the mother for the benefit of their minor children his interest in the family home notwithstanding the fact that his interest in the family home was held pursuant to a property settlement incorporated into the divorce decree.
It appears from the facts stated in the opinion of the Court of Civil Appeals, as supplemented by the petitioner pursuant to the provisions of Rule 39 (k), Ala.R.App.P., *Page 675 
that the modified decree entered by the trial court did divest the petitioner of a property right which she had before the entry of the original divorce decree, and her property right was changed in only one respect — the children were made the beneficiaries of the life insurance policy. Nevertheless, we cannot tell whether the trial judge, in modifying his original decree, considered the best interest of the children, as required by Tucker, supra. If he did not, of course, he was without jurisdiction to modify the original decree.
Our reversal of the judgment of the Court of Civil Appeals is without prejudice to that court's consideration of the modified decree in light of the legal principles which we have set forth in this opinion. In any event, the judgment of the Court of Civil Appeals, which we now review, is due to be reversed and the cause remanded to that court for further proceedings consistent with the law set forth in this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, ALMON, ADAMS, HOUSTON and STEAGALL, JJ., concur.
SHORES, J., concurs in the result.
BEATTY, J., dissents.
[1] The wife requested the Court of Civil Appeals, pursuant to the provisions of Rule 39 (k), Ala.R.App.P., to include the following facts in its opinion. The court denied the request. On appeal, she renews the motion.
 "1. That in the early 1970's, during the period of the marriage, a life insurance policy on the life of David W. Davis was purchased from E.F. Hutton Life Insurance Company policy number 33966-00 in the amount of $225,000.00.
 "2. That from the date of purchase to the present time Sandra Davis has been the owner of the E.F. Hutton life insurance policy and that she has been, and was of the date of the decree, the named beneficiary of the policy.
 "3. The E.F. Hutton life insurance policy was assigned as collateral to Baldwin County Bank as additional security for a loan to Medical Rentals, Inc., the corporation owning the medical building in which David W. Davis practices Medicine.
 "4. That in and by the terms of the decree of the divorce Sandra Davis was awarded and directed to make five children born to the marriage the joint irrevocable beneficiaries of the E.F. Hutton life insurance policy at such time as the mortgage on the medical building was satisfied.
 "5. That Sandra Davis has at no time withdrawn any of the cash value of the E.F. Hutton life insurance policy.
 "6. That on August 28, 1984, David Davis created an irrevocable insurance trust with the five children born to the parties.
 "7. David Davis wishes to use the cash value of the life insurance policy, which is approximately $11,000.00, to purchase a universal life insurance policy from the E.F. Hutton life insurance company in the amount of $300,000.00 which will be added to the trust corpus of the above said trust."