RUSSELL, Judge.
Thomas W. Anthony (husband) appeals from an order of the trial court divorcing the parties, granting alimony to Sandra Lee Anthony (wife), awarding attorney’s fees to the wife’s attorney, and dividing the marital property. We affirm in part, reverse in part, and remand.
The dispositive issue is whether the trial court erred in awarding alimony and attorney's fees when the wife did not request this relief in her pleadings and when there *1123 was no order amending the pleadings to add such a request.
Initially, we note that, following an ore tenus proceeding, the judgment of the trial court is presumed correct and will be set aside only when it is plainly and palpably wrong. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). The grant of alimony is a matter resting in the sound discretion of the trial court, and its judgment will be reversed only upon a showing of abuse of that discretion. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985). In addition, the trial court has the power to effect a just property settlement and to adjust the equities between the parties by use of reasonable means. Scudder v. Scudder, 485 So.2d 743 (Ala.Civ.App.1986). The division of the property need not be equal, but it must be equitable. Id.
The record indicates that the parties were married on November 11, 1960. There were two children born of the marriage, who are now adults. The parties own a home valued at $80,500, with a mortgage of between $32,000 and $39,000, and a river home valued at $23,000.
The husband has been employed at Southern Natural Gas (SONAT) for 19 years and has a savings plan at his place of employment valued at approximately $47,-000. The wife testified that there were 1900 shares of SONAT stock, which were valued at approximately $50 a share, at the marital home when she left. The husband also had a number of savings bonds, an IRA, and other personal property. The husband’s taxable income has ranged between $46,000 and $56,000 from 1986 to 1988.
The wife was last able to work in 1988 and earned $4,700 that year. She has been determined to be disabled due to severe health problems, which include rheumatoid arthritis and ruptured discs. She receives $383 per month in Social Security disability payments.
The husband accused the wife of a number of infidelities during the marriage; however, this testimony was contradicted by the husband’s witnesses called to testify to affairs with the wife and by the wife. The wife testified that in 1987 the husband suddenly became very emotional and began accusing her of affairs with several men. He acted so strangely and frightened her so that she felt forced to leave the home. The wife also filed petitions with the court, asking that the husband be evaluated for emotional problems.
In its order the trial court found that the wife had been faithful to the husband during the marriage. The wife was granted the marital home, and the river home was awarded to the husband. They each received the furnishings in their respective homes. The husband received the savings plan. The wife was awarded 750 shares of SONAT stock and the husband was awarded 314 shares. They each were awarded their respective vehicles, and the husband was awarded the boat. The husband was ordered to pay alimony to the wife in the amount of $1,000 per month and to pay $2,500 to the wife’s attorney.
The husband first contends that, since there was no specific prayer for alimony and no order of the court allowing amendment of the pleadings to add such a prayer, the trial court erred in granting periodic alimony to the wife. We disagree.
The necessity of strict pleading of issues tried expressly or with the implied consent of the parties is eliminated by Rules 15(b) and 54(c), Alabama Rules of Civil Procedure. Tidwell v. Tidwell, 379 So.2d 614 (Ala.Civ.App.1980). There was extensive evidence presented as to the financial situation of the parties, including evidence as to the income and the expenses of both the husband and the wife. We find it clear that this evidence related to alimony. Id.
The husband contends that the pleadings were not amended with his implied consent because he objected to the claim for alimony at the close of evidence. However, he did not object to the claim for alimony at the time that the financial information, which obviously related to the award of alimony, was introduced. The trial court does not commit error in admitting evidence when no objection is made. *1124 Failure to object timely to evidence at the time of its admission is a waiver to a later claim of error. Tynes v. Alabama Great Southern R.R., 550 So.2d 427 (Ala.Civ.App.1989). It is the court’s duty to grant the appropriate relief on the basis of the facts proved regardless of whether such relief was specifically demanded in the parties’ pleadings. Rule 54(c), A.R.Civ.P.; Johnson v. City of Mobile, 475 So.2d 517 (Ala.1985).
We made the following statement in Awad v. Awad, 54 Ala.App. 154, 306 So.2d 21, 23 (Civ.App.1975):
“The parties presented extensive evidence of the financial condition of the parties, particularly of the defendant [here the husband). The issues presented by the proof were clearly related to alimony and support, though there was no specific evidence of the requirements of the plaintiff nor the child for alimony and support. We find sufficient inferential evidence to support the award of the court.”
In the instant case, there was evidence presented as to the financial requirements of the wife, as well as extensive evidence of the financial condition of the husband, which support the award of the trial court.
The husband further seems to claim that this evidence should have been excluded because of his “mental position” and the fact that, at the request of the wife, a guardian ad litem had been appointed for the husband. However, we are unable to determine that this should change our finding.
Therefore, we find that the trial court was not in error in granting alimony to the wife.
The husband next contends that the trial court erred in granting an attorney’s fee to the wife when no pleading or motion for an attorney’s fee was made to the court. We agree.
Before attorney’s fees can be awarded, there must be a request for such fees, or it must appear that the issue has been tried by the express or implied consent of the parties. Bell v. Bell, 443 So.2d 1258 (Ala.Civ.App.1983). Clearly, there was no request for attorney’s fees in the pleadings. Additionally, we cannot say that the issue was tried with the express or implied consent of the parties. The wife’s attorney presented evidence as to time spent on the case; however, the husband immediately objected to such evidence because there had been no pleadings and no notice of a request for attorney’s fees. Although this court upheld a request for attorney’s fees in Tidwell, 379 So.2d at 615, the record showed evidence as to the need of the wife and her attorney’s performance of service “without objection by the husband.” Since there was an objection in the present case and no evidence of a request in the pleadings, we find that there was no request for the fee and no consent of the parties and that, therefore, the trial court erred in its award of an attorney’s fee.
Finally, the husband contends that the trial court erred in awarding alimony to the wife in that, he claims, the wife was left with more disposable income than the husband and that the trial court erred in its division of property.
There have been numerous decisions concerning the abuse of discretion of the trial court in divorce cases, and we can find no precedential value in further relating the facts in detail. However, we do note that, in considering his net income under the trial court’s order, the husband apparently has failed to consider the fact that alimony will be deductible to him and taxable to the wife and that his net income has been reduced by voluntary monthly payments to purchase SONAT stock and savings bonds and to contribute to a 401K retirement plan. In addition, considering the health of the wife, the length of the marriage, and the financial situation of the parties, we find no abuse of discretion in the award of alimony to the wife.
As to the division of property, we note that the wife has received more assets than the husband; however, we do not find that the division is inequitable. We note that, while the husband claims that the wife received a car valued at $15,000, the entire cost of the new car is a debt owed by the *1125 wife. In addition, the husband claims that the trial court misunderstood the evidence as to the amount of stock owned by the parties. However, our review of the evidence indicates otherwise. Therefore, we find that the trial court did not err in its award of alimony and its division of property.
Based on the above, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded with instructions for the trial court to enter an order consistent with this opinion.
The wife has requested an attorney’s fee for representation on appeal. The request is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THIGPEN, J., concurs.
ROBERTSON, P.J., concurs in part and dissents in part.