The parties were divorced in the Circuit Court of Tallapoosa County on September 23, 1985. On May 31, 1989 the wife filed a "Motion for Property Settlement" in which she sought a division of certain real property allegedly held in joint tenancy during the marriage.
On June 18, 1990 the husband filed a motion to dismiss. On June 26, 1990 the husband filed an answer and amended motion to dismiss. After a hearing on August 20, 1990, the trial court granted the motion to dismiss. The wife appeals.
The record indicates that at the time of the divorce in 1985 the trial court ratified an agreement between the parties. The record does not contain a copy of the agreement or the decree; thus we cannot determine what property, if any, was divided at that time.
In any event, the law governing property settlements is well settled. When there is no specific disposition of an asset in a divorce decree, the parties are left in the same position relative to that asset as they were before the divorce.Miller v. *Page 10 Miller, 391 So.2d 119 (Ala.Civ.App. 1980). A divorce decree dividing the parties' property between them is not subject to modification, except for clerical errors, after the lapse of thirty days from entry of the decree. Bromley v. Bromley,449 So.2d 1252 (Ala.Civ.App. 1984).
In this case, it is obvious that more than thirty days had elapsed since the time the divorce decree was entered; thus the trial court had no jurisdiction to further adjudicate a property settlement. We therefore find that the trial court properly granted the husband's motion to dismiss the wife's petition.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.