MOORE, Judge,
concurring in the result.
I agree that the judgment on partial findings entered in favor of Shannon Cahill (“the former husband”) should be reversed, but not for the reasons stated in the main opinion.
The evidence in the record discloses that, in 1988, the former husband and Antoinette Cahill Smith (“the former wife”) used marital funds to purchase a poultry farm that the former husband subsequently operated pursuant to an agreement with Gold Kist, which, at the time, was operating as a nonprofit cooperative. Pursuant to that agreement, Gold Kist assigned certain equity value to the account of the former husband based on the cooperative’s annual earnings. Between 1988 and 1993, while the parties were married, the account accrued a value of $197,829.21. When the parties divorced in 1993, they agreed on an equitable property division; however, that agreement, and the judgment that subsequently incorporated that agreement, failed to dispose of the parties’ interests in the Gold Kist equity account. In January 2009, the former wife filed an action in which, among other things, she requested that the Marshall Circuit Court *700 (“the trial court”) award her the monetary-value of her portion of the Gold Kist equity account. The trial court denied that request after a two-day trial, prompting this appeal.
The main opinion correctly notes that “ ‘ “when a trial court does not make specific disposition of an asset in a divorce [judgment], the parties are left in the same position relative to that asset as they were in before the divorce.” ’ ” 72 So.3d at 695 (quoting Brown v. Brown, 26 So.3d 1210, 1219 n. 2 (Ala.Civ.App.2007), quoting in turn Ex parte Davis, 495 So.2d 672, 673 (Ala.1986)). In this case, before their divorce, the former husband was listed as the sole owner of the Gold Kist equity account; however, under Alabama law, because he acquired that interest during the marriage (and as a result of the contribution of joint marital funds), that interest was actually marital property. See Nichols v. Nichols, 824 So.2d 797, 802 (Ala.Civ.App.2001). As such, before the divorce, the former wife retained an inchoate marital property right in the Gold Kist equity account. See Stephens v. Stephens, 472 So.2d 1071, 1072-73 (Ala.Civ.App.1985). By failing to dispose of the parties’ relative interests in the Gold Kist equity account, the 1993 divorce judgment, in effect, kept intact the former wife’s marital property rights in that asset. To the extent that the trial court concluded that the former wife lost that interest because the Gold Kist equity account was titled in the name of the former husband only, the trial court erred to reversal.
In her January 2009 complaint, the former wife merely sought an ascertainment and award of the value of her marital property interest in the Gold Kist equity account, which action was contemplated and approved by this court in Lacy v. Lacy, 403 So.2d 251, 254 (Ala.Civ.App.1981), and by our supreme court in Ex parte Davis, 495 So.2d at 674. The action is not one seeking an improper modification of a prior property division or an improper division of “retirement benefits” as the former husband argues. Furthermore, as the former wife made clear to the trial court, and also makes clear in her brief to this court, she was not seeking to set aside the 1993 judgment, so any time limitations applicable under Rule 60, Ala. R. Civ. P., do not bar her action. The action likewise is not barred by the equitable defense of laches because the evidence fails to disclose any prejudice suffered by the former husband based on the timing of the filing of the 2009 complaint. See Mills v. Dailey, 38 So.3d 731, 737 (Ala.Civ.App.2008). The doctrine of res judicata also does not bar the action because the 1993 judgment did not dispose of the marital asset at issue and the former wife did not have to file the action as a compulsory counterclaim to the former husband’s 2005 child-support-modification action, which dealt with an entirely different matter. See Rule 13(a), Ala. R. Civ. P. The former husband makes no other arguments, and the record does not disclose any other valid legal ground for affirming the trial court’s judgment.
On remand, the trial court should allow the former wife to present evidence of the value of her interest in the Gold Kist equity account at the time the 1993 divorce judgment was entered, as well as any interest accruing on that value, and award her the proven amount. Due to the procedural posture of the case, I do not express any opinion as to whether that award would obviate any claims of fraud or conversion based on the former husband’s alleged concealment of the Gold Kist equity account over the years.
BRYAN, J., concurs.