MOORE, Judge, concurring in part and dissenting in part.
I concur in that part of the main opinion reversing the judgment of the Pickens Circuit Court ("the trial court") insofar as it fails to explicitly state its reasons for not awarding child support. 252 So.3d at 1095. I respectfully dissent to the remaining aspects of the opinion.
In its judgment divorcing Sherry Denise Darling ("the wife") and Raymon Devell Darling ("the husband"), the trial court, among other things, awarded the parties joint legal and physical custody of the parties' minor child (see discussion in main opinion addressing custody award, 252 So.3d at 1095), and divided the marital property of the parties by awarding the wife a mobile home, the lot on which the mobile home is situated, a 2006 Chrysler automobile, and all the personal property in her possession. The trial court also declined to require either party to make the other a beneficiary of his or her life-insurance policy.
The evidence in the record shows that the marital estate consisted of three lots of real property, one on which the mobile home is situated, which is valued at $10,000; one on which the marital home is situated, which is encumbered by two mortgages but in which the parties have equity of approximately $80,000; and a third lot, which adjoins the lot on which the marital residence is located and for which no value appears in the record. The marital estate also includes three automobiles; two older trucks, which were manufactured in 2000 and 2002, respectively, and which the husband regularly uses; and the 2006 Chrysler automobile that the wife regularly uses and that was awarded to the wife. The husband testified that, at the time of the trial, he was also leasing a 2017 Mercedes automobile for the parties' adult daughter. The husband owns a retirement account that was valued at $117,800 at the time of the trial.
The trial court heard testimony from which it reasonably could have concluded the following. All the marital property, both real and personal, had been purchased solely from funds earned by the husband through his labor and military service before and during the marriage. Although the wife worked throughout the marriage, the wife did not contribute any funds to the payment of the parties' household bills, but used her income exclusively for her own personal benefit, purchasing shoes, clothing, and purses and paying for her own personal cellular-telephone expenses while refusing to save any money *1097 for retirement or other purposes. The parties filed separate income-tax returns throughout their marriage, with the wife claiming a dependent exemption for one of the parties' two children, even though the husband testified that she had not financially provided for either child.
The parties jointly cared for the children because both parties worked throughout the marriage; the wife also attended school throughout the marriage. During the last four years of the marriage, the husband became the primary caretaker for the children, the oldest of which, at the time of the trial, still resided with the parents while attending college at age 20 and the younger of which was about to turn 15 years old. The evidence indicated that, although the parties and the children continued to reside in the marital residence after the divorce complaint was filed, the wife had had little communication with the parties' oldest child and had seen the younger child "off and on." The husband bought all the groceries for the children, took care of all of the children's medical needs, furnished and paid for the older child's automobiles, and assumed nearly exclusive responsibility for the education and athletic participation of the children.
The wife testified that she had no debts and that she had disposable income each month after paying her own personal expenses. The evidence also shows that the wife had nearly completed her education and that, at age 48, her earning capacity was increasing. The husband testified that, with the exception of his retirement contribution, he used all of his income to support the family, leaving no disposable income for his personal benefit; he also testified that his health was deteriorating.
Consistent with the sacrifices the husband had made throughout the parties' marriage, the husband testified at trial that he would be willing to pay off the second mortgage on the marital home, and allow the wife to have the marital home, and to relocate to the mobile home across the street from the marital home so that he could continue raising the children. The trial court, however, weighed the equities and determined that it would be more fair for the parties to continue their separate economic arrangement as they had during the marriage. The trial court awarded the husband the marital home, subject to the two mortgages, and awarded the wife the mobile home where she could reside free and clear of any debt. The trial court also implicitly concluded that each party should keep his or her own retirement accounts, the wife having none as a result of her own financial decision-making.
The wife complains on appeal that the property division is inequitable because the husband received far more marital assets than the wife. However, when fashioning an equitable property division, the trial court is not required to award the parties any particular proportion of the marital estate. The trial court is required only to divide the marital property equitably. Consequently, an award to one spouse of a vastly greater percentage of the marital assets is not an abuse of discretion when it can be viewed as fair and equitable under the circumstances. See Weeks v. Weeks, 27 So.3d 526 (Ala. Civ. App. 2008). In this case, from the evidence before it, the trial court apparently concluded that the husband had acquired all the marital property independently of the wife and that the husband had also made greater noneconomic contributions to the marriage. The trial court also apparently concluded that the property division would allow the wife to continue to live independently without further support from the husband.
In reviewing the determinations of a trial court with regard to a property division, *1098 this court cannot substitute its judgment for that of the trial court, but can only reverse a judgment dividing marital property based in part on oral testimony if the judgment is plainly and palpably wrong so as to constitute a clear abuse of discretion. See Roberts v. Roberts, 802 So.2d 230, 235 (Ala. Civ. App. 2001). The main opinion does not explain how the determinations reached by the trial court violate any governing legal principles or how the trial court committed any legal error in reaching its decision. The main opinion simply decides that the property division is inequitable because the trial court awarded the husband a far greater percentage of the marital property than it awarded the wife. 252 So.3d at 1094. Given the circumstances of this particular marriage, I respectfully disagree with the main opinion on that point, so I dissent from that part of the main opinion reversing the property-division aspect of the trial court's judgment.
Finally, the main opinion notes that the trial court "may consider whether the husband, the wife, or both parties are required to maintain a life-insurance policy for the benefit of the other spouse." 252 So.3d at 1096. I do not believe the wife has sufficiently argued that the trial court committed any error on this point so as to require this court's consideration. See Rule 28, Ala. R. App. P. Even if she has, Alabama law clearly provides that a trial court need not make an explicit determination regarding each and every piece of personal property. Rather,
"when a final judgment of divorce does not reference a specific asset, liability, or piece of personal or real property, jointly owned by the parties, the property remains unaffected by the judgment, and the ownership, along with the benefits and burdens thereof, remains as it was before the entry of the divorce judgment. Radiola v. Radiola, 380 So.2d 817 (Ala. 1980) ; Miller v. Miller, 391 So.2d 119 (Ala. Civ. App. 1980) ; and McGuire v. Horton, 586 So.2d 9 (Ala. Civ. App. 1991)."
Clements v. Clements, 990 So.2d 383, 395-96 (Ala. Civ. App. 2007). By declining to address the life-insurance policies, the trial court impliedly left those policies in the same status as before the entry of the divorce judgment. The trial court did not commit any legal error in that regard. Thus, I dissent from that part of the main opinion noting that the trial court, on remand, may rule on the life-insurance-policy issue.
Pittman, J., concurs.