The plaintiff, Horne Wrecker Service, Inc. ("Horne"), appeals from a judgment entered, after a trial ore tenus, in favor of the City of Florence and Greg's Wrecker Service. At trial, Horne alleged that the action of the City in awarding a wrecker service contract to Greg's Wrecker Service violated the Competitive Bid Law, Ala. Code 1975, § 41-16-50 et seq. Horne sought an injunction enjoining the City from conducting the city wrecker service under the contract entered into with Greg's Wrecker Service and a writ of mandamus or rule nisi ordering that the City void the contract with Greg's Wrecker Service and require prospective bidders for the wrecker contract to meet the bid specifications at the time the bids are offered. Horne also requested a judgment declaring the rights of the parties.
On May 28, 1987, the City of Florence issued an invitation to bid for the wrecker service contract for the removal and impounding of wrecked or abandoned vehicles from the city's streets. The invitation to bid stated that the bids would be received until 1:30 p.m., June 9, 1987, at which time they would be opened and read. Horne Wrecker Service had held the city wrecker service contract since 1982. Approximately one month before Horne's last contract with the city expired, Greg Hodges, the owner of Greg's Wrecker Service, contacted the city's police chief and, he alleges, was told there would be no changes in the specifications from the prior contract. He claims that the mayor confirmed that there would be no changes in the specifications. Hodges says he then obtained the last invitation to bid and obtained the equipment necessary to meet the specifications in that invitation. The May 1987 invitation to bid, however, did contain changes from the prior invitation to bid, including the requirement that a bidder have a 25-ton wrecker, an additional small wrecker, a six-vehicle garage, and a perimeter alarm system. The bids were opened on June 9, 1987, and Greg's Wrecker Service was the low bidder. Horne Wrecker Service was the only other bidder. Greg's Wrecker Service did not have the additional wreckers, the garage, or the alarm system at that time. Horne did not have the alarm system. The city council met on June 16, 1987, and set July 15, 1987, as the time for all parties to meet the bid specifications. On June 17, 1987, the City's police chief recommended to the City's purchasing agent that the wrecker service contract be awarded to Horne. Hodges claims that he substantially met all the specifications by July 15, 1987, except for the office, which lacked some painting, plaster, and partitions. On July 21, 1987, the City awarded the wrecker service contract to Hodges's company.
Horne claims that by extending the time for the bid specifications to be met the City violated § 41-16-50, part of the Competitive Bid Law, which required the City to award the wrecker contract to the lowest responsible bidder. Horne claims that his company was the lowest responsible bidder at the time the bids were submitted. Horne further claims that allowing a bidder additional time to meet the specifications results in manipulation, fraud, and abuse of the competitive bid process and claims that the public will not receive the goods and services it deserves if such a practice is allowed. In this case, neither party met the specifications when the bids were opened and both parties were given until July 15, 1987, to meet the specifications. This Court has held:
 "[A]uthorities should have discretion in determining who is the lowest responsible *Page 1287 
bidder. This discretion should not be interfered with by any court unless it is exercised arbitrarily or capriciously, or unless it is based upon a misconception of the law or upon ignorance through lack of inquiry or in violation of law or is the result of improper influence. . . . The single most important requirement of the Competitive Bid Law is the good faith of the officials charged in executing the requirements of the law."
White v. McDonald Ford Tractor Co., 287 Ala. 77, 86,248 So.2d 121 (1971).
Because neither party met the specifications when the bids were opened, the city council's allowance of additional time for both parties to meet the specifications was not arbitrary or capricious or the result of improper influence. There was evidence that on July 15, 1987, the defendant was in substantial compliance with the specifications. Therefore, the trial court's denial of the requested relief is affirmed.
The defendant has filed a motion requesting damages under Rule 38, A.R.App.P. The defendant claims that the appeal was frivolous and requests damages in the amount of attorney fees incurred in defending the appeal. The motion is denied. Although we affirm the trial court's judgment, we cannot say that the appellant's argument is so meritless as to amount to a frivolous argument.
The judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.