This is an appeal from a judgment entered in favor of the plaintiff, Perkins and Associates, Inc. ("Perkins") in the amount of $22,514.23, and against the defendant, Fitzner Pontiac-Buick-Cadillac, Inc. ("Fitzner"), in an action based on work and labor done.
Perkins, an advertising agency located in Tuscaloosa, entered into an agreement with Fitzner, an automobile dealership located in Columbus, Mississippi, wherein Perkins promised to produce and place television, radio, and newspaper advertisements for Fitzner. The parties did not execute a written contract. A substantial dispute arose over the amount of money Fitzner was obligated to pay Perkins. A brief explanation of how Perkins billed Fitzner is necessary for an understanding of the dispute.
According to the testimony of Perkins's witnesses, advertising costs are divided into two main components: "production" costs and "media" costs. Production costs are those incurred in the actual production of commercials and advertisements. They include salaries to "in-house" artists and technicians and other miscellaneous expenses. Production costs also include fees charged by "outside" artists, production crews, and studios. Media costs are those incurred in placing the advertisements in newspapers and in obtaining broadcast time for television and radio commercials.
Fitzner contended at trial, and continues to argue, that under the terms of its agreement with Perkins it was obligated to pay, with respect to production costs, only a one-time fee of $10,000 for all of the production costs incurred in the advertising campaign. Perkins disagreed, arguing that the $10,000 fee paid only for the production costs incurred during the initial phase of the campaign. An additional disagreement arose over the amount of media costs charged by Perkins. Although the parties tried to resolve their dispute, Fitzner refused to pay all additional production cost invoices. However, Perkins apparently continued to produce and place advertisements and to send invoices to Fitzner.
Over the course of their relationship, Perkins billed Fitzner a total of $71,576.42. Of that amount, production cost invoices totaled approximately $32,000. Fitzner paid Perkins a total of $48,181.66, leaving a difference claimed by Perkins of $23,394.76. Fitzner consistently refused to pay any portion of that amount that represented production costs in excess of $10,000. Perkins filed a complaint asserting a number of theories of recovery, including work and labor done. After hearing oral testimony and considering documentary evidence, the court held that Perkins was entitled to $22,514.23 under its theory of work *Page 1063 
and labor done, and entered a judgment for Perkins in that amount.
Fitzner appeals from that judgment, arguing that: (1) the trial court erred by awarding Perkins any production cost damages in excess of $10,000, because, it says, that was the price orally agreed on for all production costs; and (2) it was entitled to a "directed verdict"[1] because, it says, Perkins failed to produce any evidence regarding the reasonable value of the services performed by it.
The ore tenus rule applies to this case. Therefore, the trial court's judgment, and all supporting findings of fact, are presumed correct, and the judgment will be reversed only if, after a consideration of the evidence and all reasonable inferences that can be drawn therefrom, it is found to be plainly and palpably wrong. McInnis v. Lay,533 So.2d 581 (Ala. 1988).
The trial court did not make specific findings of fact addressing Fitzner's first argument. Because this case was tried ore tenus, this Court will assume that the trial court made the findings that were necessary to support its judgment, unless such findings would be clearly erroneous or against the great weight of the evidence. Justice v. ArabLumber Supply, Inc., 533 So.2d 538 (Ala. 1988). A review of the record reveals conflicting evidence regarding the terms of the oral agreement. Ivy Hunter, a former bookkeeper for Perkins, testified that the $10,000 payment agreed to by Fitzner paid only for production costs for the initial "image" phase of the advertising campaign. That evidence supports the court's implicit finding that Perkins did not agree to accept $10,000 as payment for the production costs incurred in all of the phases of the campaign. Because that finding is not plainly and palpably wrong, it does not provide a basis for reversing the judgment. McInnis, supra; Justice, supra.
Fitzner's second argument is that Perkins did not produce sufficient evidence of the reasonable value of its services, a crucial element of the theory of work and labor done. Jonesv. Mullin, 251 Ala. 501, 504, 38 So.2d 281, 284 (1949);Terry Realty Co. v. Martin, 220 Ala. 282, 283,124 So. 901, 903 (1929); Knox v. Moore, 475 So.2d 1199, 1201
(Ala.Civ.App. 1985). It contends that that alleged failure warranted an involuntary dismissal of Perkins's action. However, Hunter testified in some detail about the methods Perkins used to bill Fitzner for its services. She further testified that she had at least five years of experience in the advertising industry, and that Perkins's methods for computing costs were consistent with the customary practice in the industry in the southeastern United States. This evidence supports the implicit finding that Perkins's charges were, on the whole, consistent with the reasonable value of the services performed. Although Fitzner presented evidence tending to show that the production costs were, in its opinion, unreasonably high, that evidence simply created a fact question for the trial court to decide. Therefore, the court correctly denied Fitzner's motions for an involuntary dismissal.
For the reasons set out above, this Court cannot say that the judgment was against the great weight of the evidence or was otherwise plainly and palpably wrong. Therefore, it is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and HOUSTON, STEAGALL and INGRAM, JJ., concur.
[1] Fitzner's motion was denominated a motion for a directed verdict. However, because this was a nonjury trial, it would properly be construed as a Rule 41(b), Ala.R.Civ.P., motion for involuntary dismissal. Mareno v. Board of Adjustment,495 So.2d 1109 (Ala.Civ.App. 1985), cert. denied, 495 So.2d 1112
(Ala. 1986). *Page 1064