KENNEDY, Justice.
The plaintiff, Stanley Cupps, made an oral agreement with his brother, Johnny Cupps, in which Stanley agreed to deliver 2,000 to 2,500 tons of coal to Johnny. The purchase price and the type of coal to be delivered are in dispute. According to Stanley, the agreed purchase price was $27.50 per ton and the type of coal to be delivered was “Blue Creek” coal. Johnny claimed that the purchase price was $26.50 per ton and that Stanley agreed to deliver “Jagger” coal. Between March 28 and 30, 1990, Stanley delivered a total of 2,315.78 tons of coal to Johnny. Stanley claimed that Johnny owed him $27.50 per ton for the 2,315.78 tons of coal, equaling $63,-683.95. On April 2, 1990, Johnny had the coal analyzed and found that it was “Blue *198 Creek” coal. Johnny paid Stanley a total of $35,000 for the coal.
. Stanley sued Johnny for $28,683.95, the difference between the $63,683.95 claimed and the $35,000 paid by Johnny. Johnny counterclaimed alleging that the coal was not of the type requested and claiming $35,000 in damages.
The trial court, after a nonjury trial, found that Johnny owed Stanley $14,341.98 plus interest in the amount of $1,556. Stanley moved for findings of fact pursuant to Rule 52, A.R.Civ.P., and moved for a new trial pursuant to Rule 59, A.R.Civ.P. The trial court denied his motions. Stanley appeals.
At the outset, we note that Johnny failed to file a brief and that this case was submitted on Stanley’s brief only.
When a case is tried ore tenus, this Court will assume that the trial court made these findings that would have been necessary to support its judgment, unless those findings would be clearly erroneous or against the great weight of the evidence. Fitzner Pontiac-Buick-Cadillac, Inc. v. Perkins & Assocs., Inc., 578 So.2d 1061 (Ala.1991).
The trial court apparently halved the amount of damages claimed by Stanley. There is no way to reconcile the trial court’s judgment with the evidence presented in this case. Therefore, we reverse the judgment and remand this case for a new trial.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ„ concur.