Lee Watson and his wife, Carol Watson, appeal from an order enjoining them from using a private easement for certain purposes alleged by the plaintiffs to be commercial.
In 1970, a tract of land was conveyed to the Lazy Six Corporation (hereinafter "the corporation"). The property was divided into six home sites around a small lake; this subdivision was known as Lazy Six Acres. The shareholders of the corporation *Page 390 
built homes around the lake. In 1987, the corporation voted to transfer the individual lots to the homeowners, but retained a tract of land around the lake for the private, noncommercial access of the landowners to a public road.
In 1988, the Watsons purchased Lot 3 of Lazy Six Acres. When they purchased their lot, they were told of the restrictive use of the private road. In 1991, Mr. Watson bought a parcel of land adjacent to his lot in Lazy Six Acres, and on that additional lot he planned to build a cabinet shop. Shortly after he bought the adjacent property, Mr. Watson cut a road from the private road to the site on which he planned to build his cabinet shop. Subsequently, the corporation's shareholders held a meeting, at which the corporation denied Watson the use of this newly cut road from the private road, which was on corporate property. After the meeting, Watson built a cabinet shop on the property. He used the newly cut road to travel to and from his business. He also testified that he would take cabinets he had built in the shop over the private road to the particular job of the party that had ordered the cabinets. He also testified that he had a "helper" that would come in, via the private road, to help with particular jobs.
The corporation and the owners of the other lots sued the Watsons to enjoin them from using the private road for commercial purposes and requested the trial court to order the Watsons to restore "to its natural condition" the corporate property, which the plaintiffs said had been "damaged by the [Watsons] in building a road off the private easement." The trial court granted the injunction and ordered the Watsons to restore the property. The Watsons appeal.
The trial court in this case heard ore tenus testimony.
 "The trial court's decision based upon ore tenus evidence, where supported by the evidence, is presumed correct and should be reversed only if the judgment is found to be plainly and palpably wrong, after a consideration of all of the evidence and after making all inferences that can logically be drawn from the evidence. . . . The trial court's judgment will be affirmed if there is credible evidence to support it."
Martin v. First Federal Savings Loan Association ofAndalusia, 559 So.2d 1075, 1078 (Ala. 1990).
After reviewing the record, we find sufficient evidence to support the injunction. The Watsons were aware that the easement on the corporation's property was for the access of lot owners to their property. It did not allow the Watsons to use the easement for commercial purposes or for the purpose of building a connecting road to property outside the subdivision. Therefore, we affirm the judgment.
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and KENNEDY, JJ., concur.