INGRAM, Justice.
Jantronic Systems, Inc. (“Jantronic”), sued Jerry Brock for money damages, alleging that Brock had conspired with William Curtis to defraud Jantronic. Brock had purchased computer equipment from Curtis that Curtis had ordered from Jantronic; Curtis failed to pay Jantronic for the computer equipment. Curtis subsequently pleaded guilty to several counts of wire fraud related to his obtaining the computer equipment. The trial court, after hearing the evidence, entered a judgment in favor of Brock. Jantronic appeals.
The dispositive issue on appeal is whether the judgment of the trial court was plainly and palpably wrong.
Because the trial court made no specific findings of fact, this Court will assume that the trial court made those findings necessary to support its judgment. Transamerica Commercial Fin. Corp. v. AmSouth Bank, N.A, 608 So.2d 375 (Ala.1992); Fitzner Pontiac-Buick-Cadillac, Inc. v. Perkins & Associates, Inc., 578 So.2d 1061 (Ala.1991). When a trial court’s judgment is based upon ore tenus evidence and that judgment is supported by the evidence, the judgment is presumed correct. This Court will reverse only *1338 if it finds the judgment to be plainly and palpably wrong, after considering all of the evidence and making all inferences that can logically be drawn from the evidence. Fitz-ner, supra. This Court will affirm the trial court’s judgment if, under any reasonable aspect of the testimony, there is credible evidence to support that judgment. Watson v. Lazy Six Carp., 608 So.2d 389 (Ala.1992); Martin v. First Federal Savings & Loan Association of Andalusia, 559 So.2d 1075 (Ala.1990); Clark v. Albertville Nursing Home, Inc., 545 So.2d 9 (Ala.1989).
Jantronic is a computer manufacturer and distributor based in Manchester, Michigan. It sells its computers wholesale, selling approximately one-fifth of them to the United States Government. In January 1993, William Curtis began ordering computers from Jantronic. In his telephone calls and fax messages to Jantronic, Curtis represented himself to be an employee of the United States Army Corps of Engineers in Mobile; the fax messages were on paper marked with a counterfeit Corps of Engineers letterhead. Curtis led Jantronic’s employees to believe that the orders were for the Corps of Engineers; however, it is undisputed that Curtis had no affiliation with the Corps of Engineers. Jantronic, relying upon Curtis’s false representations, did not attempt to verify that Curtis was actually employed by the Corps of Engineers. Jantronic shipped approximately $75,000 worth of computers to Curtis’s home in Mobile. Curtis failed to pay approximately $74,000 of the debt that he owed to Jantronic from his computer orders.
Brock, an account manager with an industrial computer company, met Curtis in 1993; Curtis also represented to Brock that he was employed by the Corps of Engineers. When Brock expressed interest in purchasing computers from Curtis, he and Curtis went to Curtis’s home, where Curtis had set up a display of several Jantronic computers. Brock ordered several of the computers from Curtis and resold them. Dominic Imonti, the vice president of Jantronic, testified that he had received a telephone call from Brock concerning the equipment. Brock testified that he was unaware of the fraudulent manner in which Curtis had obtained the computer equipment. Curtis was later investigated by the F.B.I.; after the investigation, Curtis pleaded guilty to charges of wire fraud. Jan-tronic subsequently filed this action against Brock.
Jantronic argues that Brock was both aware of, and conspired in, Curtis’s fraudulent scheme. It contends that, because Curtis’s house was in a poor neighborhood and Brock bought the computers at a low price, a reasonable person could conclude that Brock knew of Curtis’s fraud. Jantronic also argues that Brock, in his conversation with Imonti, attempted to represent himself as an employee of the Corps of Engineers.
Brock testified that he did not know that Curtis had falsely represented that he was affiliated with the Corps of Engineers. Brock further stated that, because he did not know the price Curtis had paid for the computers, he did not know that the prices he was paying were substantially lower than retail prices. As for the alleged representation by Brock to Imonti, the trial court heard a tape of the conversation, the contents of which are not in the record, and apparently found that Brock had not been dishonest with Imonti. The trial court’s judgment indicates that it found that Brock did not conspire with Curtis to defraud Jantronic and that Brock did not know that Curtis was defrauding Jantronic.
We agree with the trial court’s apt description of this case as a “miserable situation [where] Mr. Curtis has cheated everyone.” After thoroughly reviewing the record, we hold that Jantronic has not demonstrated that the trial court’s findings are plainly and palpably wrong. Fitzner, supra. Because Jantronic has failed to rebut the strong presumption of correctness that arises under the ore tenus rule, we must affirm the trial court’s judgment.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, HOUSTON, STEAGALL, KENNEDY and COOK, JJ., concur.