The defendants contend that at the time arbitration was initiated, there were only two remaining warranty issues, neither of which was a claim for mental anguish. On April 12, 2000, the defendants filed a "Position Paper" with the arbitrator, discussing what they believed to be the various repair and reimbursement items at issue in the arbitration. No mention is made in the "Position Paper" of any mental-anguish claim; no similar position paper was filed by the Hendrixes.
Approximately two months before the arbitrator's June 20 hearing, the defendants filed with the arbitrator a written objection to any claims not arising from the builder's warranty, in which they stated *Page 37 
that they had had notice of only two warranty items before the arbitrator: reimbursement for some painting work and the repair of a family-room ceiling.
Following the hearing, the arbitrator directed that the parties exchange posthearing "briefs" and "responses," in which they were to "itemize claims and amounts." In the defendants' "Post-Hearing Brief," they discuss testimony by the Hendrixes regarding the various defects or items as to which the Hendrixes claimed the right to repair or reimbursement. No mention is made of any demand by the Hendrixes for mental-anguish damages; the brief simply takes the position that the Hendrixes did not show any breach of the warranty. In the Hendrixes' "Post-Hearing Brief," however, the Hendrixes set out an itemized list of their claims, including $7,500 for mental anguish and related injuries. The defendants responded to this itemized claim for mental anguish in their "Post-Hearing Reply Brief" by quoting the warranty agreement as excluding "incidental, consequential or secondary damages" and by contending that, under the quoted warranty language, the Hendrixes could not recover for mental anguish. They reiterate this argument in their briefs to this court.
For this court to conclude that the defendants waived their right to object to the award of mental-anguish damages by waiting until their "Post-Hearing Reply Brief" to raise that objection, we must determine that the defendants were under an obligation to object to the arbitrator's consideration of such damages before filing that brief, that they did not do so before or during the arbitration hearing,[2] and that the Hendrixes were prejudiced thereby. Cf. Mastrobuono v. ShearsonLehman Hutton, Inc., 20 F.3d 713, 716 (7th Cir. 1994) (objection to demand for punitive damages raised after proofs in arbitration had closed held not waived where no prejudice was shown), rev'd on other grounds,514 U.S. 52 (1995). Under the procedural history described above, I cannot conclude that the defendants waived their warranty-exclusion defense to the mental-anguish claim before the arbitrator.
Alabama law, which generally allows the recovery of mental-anguish damages as to breach-of-warranty claims arising from the sale of a new home (see B M Homes, Inc. v. Hogan, 376 So.2d 667 (Ala. 1979)), would permit the Hendrixes to waive that recovery by agreeing to a contract excluding "consequential damages." Without the complete transcript of the hearing before the arbitrator, however, this court cannot be certain what evidence or arguments were presented to the arbitrator. We therefore cannot conclude, for example, that the arbitrator did not determine that the limitation-of-remedy provision was substantively unconscionable. Seegenerally, e.g., Ex parte Foster, 758 So.2d 516, 520 n. 4 (Ala. 1999).
It is a settled principle of appellate review that where a trial court makes no specific findings of fact, a reviewing court will assume that the trial court made those findings necessary to support its judgment.E.g., Jantronic Sys., Inc. v. Brock, 646 So.2d 1337 (Ala. 1994). Moreover, the appellant has the burden of ensuring that the record contains sufficient evidence to *Page 38 
warrant setting aside the judgment under review; conversely, when a judgment is based on evidence that is not before an appellate court, it is conclusively presumed that the judgment is supported by the evidence.Newman v. State, 623 So.2d 1171, 1172 (Ala.Civ.App. 1992).
In this case, there is no transcript of the arbitration hearing for this court to review. On such a record, I cannot conclude that the arbitrator disregarded the law in including mental-anguish damages in its award. I therefore concur in the result reached by the majority in its decision to affirm the arbitrator's award.
With respect to the award of an attorney's fee, I do not believe the defendants' arguments on appeal are so meritless as to be frivolous under Rule 38, Ala.R.App.P. Horn Wrecker Serv., Inc. v. City of Florence,567 So.2d 1285 (Ala. 1990). I therefore dissent from that award.
[2] There was no stenographic record of the proceeding before the arbitrator and, as a result, this court cannot know what transpired at the hearing before the arbitrator. In other words, we do not know whether the Hendrixes introduced evidence of mental anguish, or whether they asserted a right to receive mental-anguish damages, during the arbitration hearing, in a manner that required any response from the defendants that was not given.