PITTMAN, Judge.
Antoinette Cahill Smith (“the former wife”) appeals from a judgment in a post-divorce proceeding. We affirm in part, reverse in part, and remand with instructions.
This is the second time these parties have been before this court. In Smith v. Cahill, 72 So.3d 692 (Ala.Civ.App.2011), we (1) reversed a judgment on partial findings in favor of Shannon Cahill (“the former husband”) with respect to some of the claims asserted by the former wife in a postdivorce proceeding she had filed in 2009 and (2) remanded the cause.

*1050
Factual Background and Procedural History

The parties married in 1986 and divorced in 1993. During the marriage, they used marital funds to purchase a poultry farm. The former husband subsequently operated the poultry farm pursuant to an agreement with Gold Kist, which was then a cooperative association. Under the terms of that agreement, Gold Kist, while it was a cooperative association, assigned value to an equity account in the former husband’s name (“the equity account”) based on Gold Kist’s profits. The parties’ 1993 divorce judgment (“the divorce judgment”), which incorporated an agreement between the parties regarding the division of the marital property, awarded the former husband the tangible assets of the poultry farm but did not dispose of the equity account.
In approximately 2004, Gold Kist converted from a cooperative association to a corporation and offered its shares for sale to the public. When it converted to a corporation, Gold Kist notified the former husband that the equity account had a value of $337,134.76 and that, based on that value, he was entitled to 36,472 shares of Gold Kist stock. Gold Kist subsequently issued the former husband the 36,472 shares, and the former husband liquidated those shares and deposited the proceeds in a brokerage account.
In 2005, the husband brought a postdi-vorce proceeding against the former wife in which he sought a reduction in the child support he had been ordered to pay in the divorce judgment. During discovery in that postdivorce proceeding, the former wife propounded discovery requests seeking a list of all the former husband’s assets. The former husband’s responses to those discovery requests did not list among his assets the equity account or the funds that had resulted from the conversion of Gold Kist from a cooperative asso- . ciation to a corporation and the subsequent liquidation of the Gold Kist shares issued to the former husband (“the funds attributable to the equity account”).
In 2009, the former wife brought a post-divorce proceeding against the former husband. The former wife alleged, among other things, that the equity account had been marital property when the parties divorced; that the former husband had not revealed the existence of the equity account before the parties agreed on the division of the marital property; that the divorce judgment had not disposed of the equity account; and that, therefore, she owned a share of the equity account and the funds attributable to the equity account. Based on those allegations, the former wife claimed, among other things, (1) that she was entitled to a determination that she owned a share of the equity account and the funds attributable to the equity account and a judgment awarding her that share (“the equity-account claim”) and (2) that she was entitled to an award of damages for fraudulent suppression and conversion. In response, the former husband asserted that the equity account had never been marital property because, he said, that account had been titled in his name and, therefore, had been his separate property when the parties divorced. He also asserted that the former wife’s equity-account claim was barred because, he said, it constituted (1) an improper attempt to modify the division of the parties’ marital property in the divorce judgment more than 30 days after the entry of that judgment and (2) an improper attempt to obtain a share of his retirement account based on a marriage that had lasted less than 10 years. Moreover, he asserted that the equity-account claim was barred by (1) the doctrine of laches, (2) the doctrine of res judicata, and (3) the time limits for *1051 seeking relief from a judgment contained in Rule 60(b), Ala. R. Civ. P. In addition, he asserted that he was not liable for fraudulent suppression and conversion.
The trial court conducted a bench trial. At the close of the former’s wife’s evidence, the trial court granted the former husband’s motion for a judgment on partial findings as to the equity-account claim, the fraudulent-suppression claim, and the conversion claim (“the judgment on partial findings”). The parties subsequently settled the former wife’s other claims. The former wife then filed a postjudgment motion challenging the judgment on partial findings, which the trial court denied. Thereafter, the former wife appealed to this court.
As noted above, in Smith v. Cahill, this court reversed the judgment on partial findings and remanded the cause. Although a majority of the judges of this court did not join in the main opinion in Smith v. Cahill, an examination of the main opinion and the special writing concurring in the result reached by the main opinion indicates that four judges concurred in holding (1) that the equity account was marital property when the parties divorced despite the fact that it was titled in the former husband’s name, 72 So.3d at 698 and 700; (2) that the divorce judgment had not disposed of the equity account, id,.; and (3) that, because the divorce judgment had not disposed of the equity account, the former wife’s equity-account claim did not seek an improper modification of the property division in the divorce judgment, id. Moreover, an examination of the main opinion and the special writing indicates that four judges concurred in rejecting the former husband’s other defenses to the former wife’s equity-account claim, although a majority of the court did not agree on the rationales for rejecting those defenses. All the judges concurred in the judgment of this court (1) reversing the judgment on partial findings and (2) remanding the cause. 72 So.3d at 699-700. However, an examination of the main opinion and the special writing indicates that a majority of the judges did not join in giving the trial court specific instructions regarding how the cause was to proceed on remand.[1] See id.
After this court remanded the cause, the former wife amended her complaint to allege that the divorce judgment had not disposed of the good will of the poultry farm (“the good will”) and to claim that she was entitled to a determination of the value of her share of the good will and a judgment awarding her that share of the good will (“the good-will claim”). The trial court subsequently entered an order providing that the issues to be tried included the former wife’s good-will claim. Subsequently, the former wife filed an amendment to her complaint stating a fraudulent-transfer claim against not only the former husband but also the former husband’s present wife; however, the former wife did not obtain leave of the trial court to file that amendment as required by Rule 15(a), Ala. R. Civ. P. The former husband and his present wife filed separate motions to dismiss the amendment adding the fraudulent-transfer claim. Following a hearing, the trial court entered an order disallowing the amendment adding the fraudulent-transfer claim, stating: “The Court declines to expand litigation in this matter beyond the parameters previously set.”
*1052 The trial court then resumed the bench trial, which had been terminated at the close of the former wife’s evidence by (1) the granting of the judgment on partial findings and (2) the parties’ settlement regarding the former wife’s claims that were not disposed of by the judgment on partial findings. After the trial, the trial court entered a judgment in favor of the former husband as to the former wife’s equity-account claim, good-will claim, fraudulent-suppression claim, and conversion claim. In pertinent part, the trial court’s judgment stated:
“[I]t is hereby ORDERED, ADJUDGED AND DECREED as follows:
“1. It is apparent that the Court of Civil Appeals desired that the undersigned allow the [former wife] to pursue a division of an undivided marital asset, the Gold Kist Equity Account. It is also apparent the [former wife] interprets the appella[te] decision to allow [the former wife] to pursue a division of both the Equity Account and ‘On-Going Concern’ portion of the poultry business owned when the parties divorced long ago. After consideration of the evidence presented, the Court awards any rights to the Gold Kist Equity Account, any right to any value of the ‘On-Going Concern’ portion of the parties[’] previous poultry business, and any asset associated with that former business, tangible or intangible, to the [former husband], Shannon Cahill. The Court also finds from the evidence presented that such was the intent of the parties when they executed the settlement agreement prepared by the [former wife’s] attorney long ago.
“2. The Court finds no conversion or fraud on the part of the [former husband].”
Following the trial court’s entry of its judgment, the former wife appealed.

Standard of Review

Because the trial court received evidence ore tenus, our review is governed by the following principles:
“ ‘ “ ‘[W]hen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.’ ” ’ Water Works & Sanitary Sewer Bd. v. Parks, 977 So.2d 440, 443 (Ala.2007) (quoting Fadalla v. Fadalla, 929 So.2d 429, 433 (Ala.2005), quoting in turn Philpot v. State, 843 So.2d 122, 125 (Ala.2002)). ‘ “The presumption of correctness, however, is rebuttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment.” ’ Wattman v. Rowell, 913 So.2d 1083, 1086 (Ala.2005) (quoting Dennis v. Dobbs, 474 So.2d 77, 79 (Ala.1985)). ‘Additionally, the ore tenus rule does not extend to cloak with a presumption of correctness a trial judge’s conclusions of law or the incorrect application of law to the facts.’ Wattman v. Rowell, 913 So.2d at 1086.”
Retail Developers of Alabama, LLC v. East Gadsden Golf Club, 985 So.2d 924, 929 (Ala.2007). Moreover, when the trial court in a nonjury ease enters a judgment without making specific findings of fact regarding a disputed issue, the appellate court
“will assume that the trial judge made those findings necessary to support the judgment. Fitzner Pontiac-Buick-Cadillac, Inc. v. Perkins & Assocs., Inc., 578 So.2d 1061 (Ala.1991). Under the ore tenus rule, the trial court’s judgment and all implicit findings necessary to support it carry a presumption of correctness and will not be reversed unless ‘found to be plainly and palpably wrong.’ *1053 Fitzner, 578 So.2d at 1063. ‘The trial court’s judgment in such a case will be affirmed, if, under any reasonable aspect of the testimony, there is credible evidence to support the judgment.’ Clark v. Albertville Nursing Home, Inc., 545 So.2d 9, 13 (Ala.1989); see, also, Norman v. Schwartz, 594 So.2d 45 (Ala.1991).”
Transamerica Commercial Fin. Corp. v. AmSouth Bank, N.A., 608 So.2d 375, 378 (Ala.1992).

Analysis

The former wife argues that the trial court erred in declining to award her a share of the equity account, the funds attributable to the equity account, and the goodwill. We agree.
“ ‘[W]hen a specific asset of the parties to a divorce action is not disposed of by the decree, the parties are left in the same position relative to that asset as they were in prior to the decree. Ex parte Davis, [495 So.2d 672 (Ala.1986) ].’ Johnson v. Johnson, 585 So.2d 89, 90 (Ala.Civ.App.1991).
“ ‘[W]hen a divorce decree is granted without any mention of the division of the parties’ jointly owned property, each party retains the same right, title, claim, or interest therein which they held prior to the divorce. In essence, when the trial judge does not alter ownership that, in and of itself, disposes of the issue, and title to the property is left undisturbed by the judgment.’
“Hocutt v. Hocutt, 491 So.2d 247, 249 (Ala.Civ.App.1986). See also Dominex, Inc. v. Key, 456 So.2d 1047, 1059-60 (Ala.1984).”
Smith v. Smith, 892 So.2d 384, 389 (Ala.Civ.App.2003).
In the present case, the divorce judgment did not dispose of either the equity account or the good will. In Smith v. Cahill, a majority of this court held that the equity account was a marital asset when the parties divorced because the poultry farm had been purchased during the marriage using marital funds. The good will, which was an intangible asset of the poultry farm, was also a marital asset when the parties divorced for the same reason. Because the divorce judgment did not dispose of either the equity account or the good will, the former husband and the former wife continued to jointly own the equity account and the good will after the entry of the divorce judgment. Smith v. Smith, supra. When a divorce judgment does not dispose of a jointly owned asset, such as the equity account and the good will in the present case, and more than 30 days have elapsed since the entry of the divorce judgment, a trial court has jurisdiction to award each of the parties his or her ownership interest in that jointly owned asset; however, the trial court does not have jurisdiction to alter the ownership interest of either party in that jointly owned asset because that would constitute a modification of the property division in the divorce judgment more than 30 days after the entry of the divorce judgment, which the trial court is prohibited from doing. See Ex parte Davis, 495 So.2d 672, 674 (Ala.1986).
Thus, in the present case, because more than 30 days had elapsed since the entry of the divorce judgment, the trial court had jurisdiction to award each party his or her ownership interest in the jointly owned equity account, the funds attributable to the equity account, and the good will; however, the trial court did not have jurisdiction to alter the ownership interest of either party. Id. By awarding the former husband the ownership interest of both parties in the equity account, the funds attributable to the equity account, and the *1054 good will, the trial court altered their ownership interests in those assets, which it did not have jurisdiction to do. Id. Accordingly, we reverse the judgment of the trial court with respect to the equity account, the funds attributable to the equity account, and the good will, and we remand the cause with instructions to the trial court to determine the monetary value of those assets based on the evidence already introduced and to award each of the parties one-half of the monetary value of those assets.
The former wife also argues that the trial court erred in finding in favor of the former husband with respect to her conversion claim. The undisputed evidence established that the former wife owned a one-half interest in the equity account, the funds attributable to the equity account, and the good will and that the former husband wrongfully detained her ownership interest in those assets after the entry of the divorce judgment.
“‘To sustain a claim of conversion, there must be (1) a wrongful taking; (2) an illegal assertion of ownership; (3) an illegal use or misuse of another’s property; or (4) a wrongful detention or interference with another’s property. Gray v. Liberty Nat’l Life Ins. Co., 623 So.2d 1156 (Ala.1993); Driver v. Hice, 618 So.2d 129 (Ala.Civ.App.1993); Gillis v. Benefit Trust Life Ins. Co., 601 So.2d 951 (Ala.1992).’ ”
Penttala v. David Hobbs BMW, 698 So.2d 137, 139 (Ala.Civ.App.1997) (quoting Drennen Land & Timber Co. v. Privett, 643 So.2d 1347, 1349 (Ala.1994)). Thus, the undisputed evidence established the former wife’s conversion claim. Accordingly, we reverse the judgment of the trial court with respect to the conversion claim, and we remand the cause with instructions to the trial court to determine the amount of damages the former wife is entitled to recover for conversion and to enter a judgment awarding the former wife that amount of damages. In determining the amount of damages the former wife is entitled to recover, the trial court may consider the award to the former wife of her one-half ownership interest in the equity account, the funds attributable to the equity account, and the good will in mitigation of those damages. See Pike v. Reed, 47 So.3d 253, 261 (Ala.Civ.App.2009) (“ ‘[I]t has ever been the law that when property has been wrongfully converted, and after such conversion such property again comes into the possession of its owner, this fact may be shown by the -wrongdoer, if the owner of the property brings an action in trover against him for such conversion, not as a complete defense to the action, but in mitigation of damages.’ ” (quoting Plummer v. Hardison, 6 Ala.App. 525, 535, 60 So. 502, 505 (1912))).
The former wife also argues that the trial court erred in finding in favor of the former husband with respect to her fraudulent-suppression claim. The main opinion in Smith v. Cahill, supra, noted that the former wife had introduced substantial evidence tending to prove that the former husband had fraudulently suppressed the fact that the equity account existed. However, reasonable reliance is an essential element of a claim of fraudulent suppression, see Johnson v. Sorensen, 914 So.2d 830, 837 (Ala.2005), and, after the cause was remanded, the former husband introduced substantial evidence tending to prove that the former wife could not have reasonably relied on his alleged fraudulent suppression of the fact that the equity account existed. The former husband testified that, before he and the former wife purchased the poultry farm in 1988, he and the former wife had met with the sellers of the poultry farm and that the sellers had told the former husband and *1055 the former wife that they would have a Gold Kist equity account if they purchased the poultry farm and participated in the Gold Kist cooperative.
Jean Fowler testified that she and her then husband, who is now deceased, had sold the poultry farm to the former husband and the former wife in 1988. She further testified that she and her late husband had met with the former husband and the former -wife before they purchased the poultry farm and that Fowler and her late husband had told both the former husband and the former wife that they would have a Gold Kist equity account if they purchased the poultry farm and participated in the Gold Kist cooperative. In addition, Fowler testified that she and her late husband had explained how Gold Kist equity accounts worked and that she and her late husband had taken both the former husband and the former wife to a Gold Kist growers’ meeting where Gold Kist equity accounts were discussed.
As noted above, the former wife introduced substantial evidence tending to prove her claim of fraudulent suppression; however, based on the testimony of the former husband and Fowler, the trial court as the trier of fact could have found from the conflicting evidence that the former wife had known about the existence of the equity , account since 1988. See Woods v. Woods, 658 So.2d 312, 314 (Ala.Civ.App.1994) (“In ore tenus proceedings, the trial court is the sole judge of the facts and of the credibility of witnesses, and the trial court should accept only that testimony it considers to be worthy of belief.”). Because such a finding would support the trial court’s judgment in favor of the former husband with respect to the fraudulent-suppression claim, we must assume that the trial court made such a finding. See Transamerica, supra. That factual finding, in turn, would support a determination that the former wife could not have reasonably relied on the former husband’s allegedly suppressing the fact that the equity account existed and, therefore, that the former husband was entitled to a judgment in his favor with respect to the fraudulent-suppression claim. Accordingly, we affirm the judgment of the trial court with respect to the fraudulent-suppression claim.
Finally, the former wife argues that the trial court erred in disallowing the amendment to her complaint adding a fraudulent-transfer claim against the former husband and his present wife. The former wife argues that the trial court dismissed that amendment for failure to state a claim pursuant to Rule 12(b)(6), Ala. R. Civ. P., and that that dismissal was erroneous because, she says, that amendment stated a valid claim. However, although the trial court’s ruling disallowing the amendment was prompted by the motions to dismiss filed by the former husband and his present wife, the language of the order disallowing the amendment makes it clear that the trial court was disallowing the amendment pursuant to Rule 15(a), Ala. R. Civ. P., rather than dismissing it pursuant to Rule 12(b)(6). In Rector v. Better Houses, Inc., 820 So.2d 75, 77-78 (Ala.2001), the supreme court stated:
“Rule 15(a), Ala. R. Civ. P., governs amendments to pleadings. It provides, in pertinent part:
“ ‘Unless a court has ordered otherwise, a party may amend a pleading without leave of court, but subject to disallowance on the court’s own motion or a motion to strike of an adverse party, at any time more than forty-two (42) days before the first setting of the case for trial, and such amendment shall be freely allowed when justice so requires. Thereafter, a party may amend a pleading only *1056 by leave of court, and leave shall be given only upon a showing of good cause.’
“(Emphasis added.) In Boros v. Baxley, 621 So.2d 240 (Ala.1993), we explained:
“ ‘Although Rule 15(a) itself calls for liberal amendment, this Court has held consistently that “the grant or denial of leave to amend is a matter that is within the discretion of the trial court and is subject to reversal on appeal only for an abuse of discretion.’
“621 So.2d at 245 (citations omitted). Thus, ‘Rule 15, [Ala. R. Civ. P.], is not carte blanche authority to amend a complaint at any time.’ Stallings v. Angelica Uniform Co., 388 So.2d 942, 947 (Ala.1980) (quoting Stead v. Blue Cross-Blue Shield of Alabama, 294 Ala. 3, 6, 310 So.2d 469, 471 (1975)). ‘[Ujndue delay in filing an amendment, when it could have been filed earlier based on the information available or discoverable, is in itself ground for denying an amendment.’ Puckett, Taul & Underwood, Inc. v. Sehreiber Corp., 551 So.2d 979, 984 (Ala.1989). ‘[I]f the court determines ... that a party has had sufficient opportunity to state a claim ... but has failed to do so, leave to amend may properly be denied.’ Walker v. Traughber, 351 So.2d 917, 922 (Ala.Civ.App.1977).”
In the present case, all the transactions challenged by the former wife’s fraudulent-transfer claim occurred, and were discoverable, before the former wife filed the amendment to her complaint adding the good-will claim, yet the former wife did not include the fraudulent-transfer claim in that amendment. Accordingly, the trial court’s disallowance of the amendment adding the fraudulent-transfer claim was a proper exercise of its discretion. Id.
In summary, we affirm the judgment of the trial court as to the fraudulent-suppression claim; we reverse the judgment of the trial court with respect to the equity-account claim, the good-will claim, and the conversion claim; and we remand the cause with instructions to the trial court (1) to determine the value of the equity account, the funds attributable to the equity account, and the good will based on the evidence already presented and to enter a judgment awarding the former wife one-half of that value and (2) to determine the amount of damages the former wife is entitled to recover on her conversion claim based on the evidence already presented and to enter a judgment finding in favor of the former wife on her conversion claim and awarding her that amount of damages.
The parties’ requests for the award of attorney fees on appeal are denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THOMAS and MOORE, JJ., concur in the result, without writings.
DONALDSON, J., dissents, with writing, which THOMPSON, P.J., joins.

. "[W]here the [appellate] court gives no precise directions as to how a cause is to proceed as to a certain matter on remand, the lower court may proceed in any manner that is not inconsistent with the [appellate] court’s opinion.” Durbin v. Durbin, 818 So.2d 409, 411 (Ala.Civ.App.2001).