DONALDSON, Judge,
concurring in the result.
In Smith v. Cahill, 72 So.3d 692 (Ala.Civ.App.2011)(“Smith I ”), this court stated that “the equity account remained ah undivided joint marital asset following the entry of the divorce judgment.” Id. at 698 (emphasis added). Antoinette Cahill Smith (“the former wife”) was permitted to claim an interest in the equity account more than 15 years after the entry of the parties’ divorce judgment. On remand from Smith I, the former" wife added a claim for an interest in the good will' of the poultry business of "Shannon Cahill (“the former husband”). In Smith v. Cahill, 141 So.3d 1047, 1053-4 (Ala.Civ.App.2013) (“Smith II”), this court stated that “the former husband and the former wife continued to jointly own the equity account and the good will after, the entry of the divorce judgment,” id. at 1053 (emphasis added), and that “[t]he undisputed evidence established that the former wife owned a one-half interest in the equity account, the funds attributable to the equity account, and the good will and that the former husband wrongfully detained her ownership interest in those assets after the entry of the divorce judgment.” Id. at 1054 (emphasis added). ■ I respectfully adhere to my dissent in Smith II. The former wife had a right-to have all marital assets, • including the equity account and good will of the poultry business; included as part of the marital estate and- to seek an equitable distribution of those marital-estate assets in the divorce proceedings from the former husband, regardless of whose name was listed as the owner of those assets. The evidence showed that she was not able to do so at the time of the divorce through no fault of her own. There are remedies available at law and in equity to address the former husband’s acts or omissions regarding any nondisclosure of an asset or his fraudulent conduct, subject to applicable time limitations. But a spouse’s interest in a marital asset owned by the other spouse, which interest is sufficient to permit an equitable distribution of the asset in a divorce proceeding, is not the same as joint ownership of the asset,-and in this case "the former wife did not become a “joint owner” of one-half of the equity account and" the good will of the poultry business when those assets were not mentioned in the divorce judgment. Stated otherwise, a trial court would not have been required to divide those assets in half at the time of the divorce; instead, those assets would have been subject to an equitable distribution as part 'of the distribution of the entire marital estate. The former wife would not necessarily have received one-half of those assets, and, in fact, might not have receivéd "any portion of those assets depending upon other distributions to her that may have been made. I am unable to follow how the former wife now has a vested ownership interest in one-half of those assets sufficient to support a tort claim for conversion or how the trial court no longer has any equitable-distribution power over those assets. I am concerned about the potential effect the holding that a spouse in a noncómmu-nity-property state has a vested one-half ownership of nonhomestead marital assets, regardless of title ownership of those assets, wül have on areas of the law 'involving estate’ distributions, creditor’s rights, declarations of assets in bankruptcy, income-tax liabilities, and/or transferees.
My disagreement with Smith II, however, is irrelevant to the disposition of this case, because in Smith II the court
“remandfed] the cause with instructions to the trial court (1) to determine the value of the equity account, the funds attributable to the equity account, and the good will based on the evidence already presented and to enter a judgment awarding the former wife one-half of that value and (2) to determine the *567 amount of damages the former wife is entitled to recover on her conversion claim based on the evidence already presented and to enter a judgment finding in favor of the former wife on her conversion claim and awarding her that amount of damages.”
141 So.3d at 1056.
The judgment entered following the second remand is not consistent with Smith I and Smith II, and “ *[i]t is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court according to its true-intent and meaning, as determined by the directions given by the reviewing court.’ ” Ex parte Alabama Power Co., 431 So.2d 151, 155 (Ala.1983) (quoting 5 Am.Jur.2d Appeal and Error § 991 (1962)). Adherence to that legal principle requires that I concur in the result. "
THOMPSON, P.J., and MOORE, J., concur.